No. 9330.

VAN KLEECK-BACON INVESTMENT COMPANY v. CLARK.

VENUE—*Change of—Waiver of Right.*  Defendant who answers to the merits waives his right to a change of the place of trial, even though he takes no further part in the litigation, below.

*Error to Rio Grande District Court, Hon. Jesse C. Wiley, Judge.*

Mr. F. W. SANBORN and Mr. HERBERT M. MUNROE, for plaintiff in error.

Mr. JESSE STEPHENSON, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS action was brought by plaintiff below, defendant in error here, to recover money alleged to be due upon a contract for services. The complaint set out an additional cause of action, which was dismissed before trial. The suit was brought in Rio Grande County, and service was had upon the defendant in the City and County of Denver.

After the defendant had been served with process it moved for a change of venue on the ground that it was domestic corporation with its principal office and place of business in the City and County of Denver, that service of summons was had upon it there, that its officers reside in that county, and that the action was based upon a contract for personal services which were not, by the terms of the contract, to be performed in the county of Rio Grande. The motion was denied, and the defendant then filed its answer putting in issue the material allegations of the complaint, and also setting up the grounds for a change of

venue contained in its original motion.   Defendant objected to proceeding with the trial on the ground that the venue was improperly laid, and declined to participate in the trial.   Judgment was accordingly entered for plaintiff, and defendant brings the cause here for review.

In disposing of the case it will be necessary to consider only the question of whether plaintiff by answering to the merits, waived its right to object to the venue as laid in the complaint.   This court has frequently passed upon that question.   In *Kirby v. Union Pacific Co.*, 51 Colo. 509, in speaking to the question of the right of parties to a change of venue said, at page 541:

"The right to have the place of trial changed because the action is brought in an improper county is not jurisdictional, but a mere privilege, which may be waived, and is waived, by a general appearance and pleading to the merits."

A like question arose and the same conclusion was reached in each of the following cases: *Kingsbury v. Vreeland,* 58 Colo. 212, 144 Pac. 887; *O'Rourke v. O'Rourke,* 58 Colo. 300, 144 Pac. 890; *Greeley & Loveland Irrigation Co. v. Farmers' Pawnee Ditch Co.*, 58 Colo. 146 Pac. 247; *Denver & S. P. R. R. Co. v. Roberts,* 6 Colo. 333; *Fletcher v. Stowell,* 17 Colo. 28 Pac. 326; *Christ v. Flannagen,* 23 Colo. 140, 46 Pac. 683; *Forbes v. Commissioners,* 23 Colo. 344, 47 Pac. 388; *Burton v. Graham,* 38 Colo. 199, 84 Pac. 978; *Phoenix Indemnity Co. v. Greger,* 39 Colo. 193, 8 Pac. 1066.   While it is true that in the case at bar defendant did not participate in the trial after filing its answer and objecting to further proceedings in Rio Grande County, by filing its answer to the merits it in effect waived its objection to the place of trial and thus by its own act brought itself within the jurisdiction of that court.

No error appearing in the record, the judgment of the trial court is affirmed.

Judgment affirmed.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.