## No. 12,409.

### In re Campbell.

Decided June 24, 1929.

Mr. Herbert E. Mann, for petitioner.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Petitioner is in jail in El Paso county for contempt of the district court in failing to pay temporary alimony, etc., as it ordered. He makes a showing here of his inability to comply with the order, and contends that that court was, and is, without jurisdiction to make or enforce it because he has a valid motion for a change of venue on file in the cause and undisposed of.

If so, he is not entitled to his release, but to mandamus to compel the trial court to rule on that motion. We are, however, precluded from considering this ap-

plication as one for that writ, or granting petitioner any other relief herein, by his own conduct as evidenced by his application.

■ "Such a motion (for change of venue) must be made as soon as the moving party acquires knowledge of the facts upon which the motion is based." *Kirby v. Union Pacific Co.*, 51 Colo. 509, 541, 119 Pac. 1042. Petitioner was served with summons in the divorce action April 20, 1929. The order complained of was entered May 20 thereafter and the writ of commitment, under which he is now held, one week later. His motion was not filed until May 22, at which time he had either answered or was in default. Since it is based upon his residence and place of service, he knew the facts at the time he was served, and, under the Kirby case, supra, repeatedly reaffirmed by us, he has waived his right to the change.

His application is accordingly denied.