No. 17,497.

SLINKARD v. JORDAN.

(279 P. [2d] 1054)

Decided February 14, 1955.

Mr. SIDNEY H. TELLIS, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE CLARK delivered the opinion of the Court.

PLAINTIFF in error commenced an action in the court of a justice of the peace in Arapahoe county on his claim against defendant for work and labor allegedly performed by him for and at the request of defendant. Pursuant to a motion filed on behalf of defendant, the justice of the peace, after hearing the testimony presented on behalf of plaintiff, dismissed the action; whereupon plaintiff appealed the case to the county court, where defendant filed a somewhat similar, but more extensive, motion for dismissal, which was granted by said county court and judgment entered in favor of defendant.

The record in the case before us contains only the documents filed in the trial court, consisting primarily of the transcript of the justice of the peace docket, defendant's motion to dismiss in the justice court and the motion to dismiss filed on his behalf in the county court. The transcript of the docket of the justice of the peace shows said action to have been commenced in justice precinct No. 2 of Arapahoe county on March 24, 1954, with summons returnable April 7, 1954; that summons was served upon defendant on the day of issuance; then follows two pertinent entries:

"April 5, 1954. Continued on motion to April 13, 1954, at 3:00 o'clock by defendant counsel.

"April 13, 1954. Cause comes on for hearing. Plaintiff and counsel and counsel for defendant present. Plaintiff was duly sworn and testified. Counsel for the defendant specially appearing for the defendant to present a motion for dismissal. After hearing the evidence the cause is dismissed."

The motion referred to in the docket entry for continuance presented on behalf of defendant by counsel, presumably made orally, does not appear in the record, but the motion to dismiss, filed April 13, 1954, was a written motion and does appear. In this motion it is asserted that defendant appears specially and, as grounds for dismissal of said action, alleges that the justice court has no jurisdiction for the reason that the action was not commenced in the proper precinct; that defendant does not reside, and the cause of action did not arise, in the precinct where the action is pending; that there is a duly elected justice of the peace in the precinct of the defendant's residence, being the precinct in which the transaction occurred.

The motion to dismiss filed in the county court is rather extensive and furnishes some information as to further proceedings in the court of the justice of the peace. As briefly as may be, it is summarized as follows:

(1) That the justice court had no jurisdiction of said action, and therefore, said county court has no jurisdiction.

(2) That the motion to dismiss filed in the justice court is by reference made a part of said motion.

(3) That said justice court determined that the justice of the peace had no jurisdiction and sustained defendant's motion for that reason on April 13, 1954.

(4) That on said date plaintiff appeared in person and by attorney, and that defendant appeared by attorney only and that such appearance was specially made for the purpose of the motion to dismiss.

(5) That plaintiff presented his testimony before said justice of the peace, and that defendant, through his attorney, examined the plaintiff as to the respective residence of plaintiff and defendant and as to where the work and labor was performed; and whether any arrangements had been made for the payment of the claim in justice precinct No. 2.

(6) That in answer to questions propounded to plaintiff by defendant's attorney it appears conclusive that plaintiff is a resident of Frederick, Colorado, and not of precinct No. 2 of Arapahoe county; that the work was not performed in said precinct No. 2, nor had any arrangement been made for payment in said precinct; that the county records show a qualified justice of the peace resident within the precinct of defendant's residence.

(7) That the place where said labor was performed and where defendant resides is precinct No. 1 in Arapahoe county.

(8) That for reasons aforesaid the justice of the peace in precinct No. 2 had no jurisdiction to hear and determine said cause, and for this reason the county court likewise is without jurisdiction.

Counsel for plaintiff in his summary of argument, sets forth four points of alleged error. All pertain to the same general proposition and will be considered together. By these several points it is the contention on behalf of plaintiff that defendant, prior to the filing of his motion for dismissal in the court of the justice of the peace, had entered a general appearance in said court and thereby had subjected himself to the jurisdiction of that court, and that the county court was in error in finding that said court of the justice of the peace had no jurisdiction and in ruling that, because thereof, said county court likewise was without jurisdiction.

A determination of the question presented requires consideration of not only one, but two, statutes: C.R.S. '53, 79-5-2, as here pertinent, being as follows: Jurisdiction of causes. "Justices of the peace shall have juris-

diction in their respective counties to hear and determine * * * all complaints, suits and prosecutions of the following description: * * * (3) In suits brought for goods, wares or merchandise, sold and delivered; for work and labor done, or services rendered; * * *." and C.R.S. '53, 79-5-6. Venue of actions. "Suit shall be commenced before justices in the precinct in which the debtor or person sued resides, unless the cause of action accrued in the precinct in which the plaintiff resides, in which case the suit may be commenced where the cause of action accrued or is specifically made payable."

Defendant apparently relied wholly upon the last quoted section of the statute, and the trial court in granting his motion to dismiss agreed with him by holding said section to be determinative of the entire matter. Plaintiff contends that this was error and that under the circumstances here presented reliance may not be placed alone upon the statute last quoted, but that C.R.S. '53, 79-5-2, is controlling. In this contention plaintiff is correct and the trial court was in error. The provisions of C.R.S. '53, 79-5-2, defines jurisdiction; while C.R.S. '53, 79-5-6, pertains to venue.

It must be borne in mind that in the instant case the record shows definitely that defendant appeared in the justice court two days in advance of the return date designated in the summons and moved for, and was granted, a continuance from the 7th to the 13th of April, 1954. His motion filed in the county court discloses that he appeared in the justice court by counsel on the trial day and cross-examined plaintiff, albeit to a limited extent only.

The statute pertaining to venue of courts of justices of the peace is of early vintage, nor has it undergone material revision throughout the many years of its existence. The question presented in the instant case is not a new one, and in many decisions by courts of review in this jurisdiction it has been held that the benefits sought to be attained through said statute fixing venue

are waived by entry of general appearance on the part of defendant. To move for a continuance constitutes general appearance. *Denver, South Park & Pacific Railroad Co. v. Roberts,* 6 Colo. 333. The Denver-Roberts case is cited with approval in *Hardenbrook v. Harrison,* 11 Colo. 9, 11, 17 Pac. 72, wherein it is held that the section, now designated C.R.S. '53, 79-9-6, "does not refer to the *subject matter* of actions," but relates only to "jurisdiction of the person," conferring "a personal privilege enacted for the convenience of the debtor, which, like the service of process, he may waive." A similar ruling was announced in the case of *School District v. Waters,* 20 Colo. App. 106, 108, 77 Pac. 255, where the defendant appeared specially by motion to quash a summons but failed to object to the venue of the justice court.

██ The foregoing rule is not restricted to courts of justices of the peace, but applies generally to courts of record of general jurisdiction concerning which, place of trial, or venue, is determined by rule 98, R.C.P. Colo. "The right to have the place of trial changed because the action is brought in an improper county is not jurisdictional, but a mere personal privilege, which may be waived, and is waived by a general appearance and pleading to the merits. It also is waived unless the motion is interposed at the earliest possible moment." *Kirby v. Union Pacific Ry. Co.,* 51 Colo. 509, 541, 119 Pac. 1042; *Kingsbury v. Vreeland,* 58 Colo. 212, 214, 144 Pac. 887; *Van Kleeck-Bacon Inv. Co. v. Clark,* 66 Colo. 286, 180 Pac. 686; *In re Campbell,* 86 Colo. 184, 279 Pac. 46.

██ Turning again to the applicability of the rule as specifically pertaining to cases arising in courts of justices of the peace, the last pronouncement on the subject by this Court appears to have been in 1942 in the case of *Justice Court v. People, ex rel.,* 109 Colo. 287, 292, 124 P. (2d) 934, wherein we held that section 7 of chapter 96, '35 C.S.A. (cited herein as C.R.S. '53, 79-5-2), confers county-wide jurisdiction on courts of justices of

the peace in the various proceedings enumerated where the amount involved is not in excess of $300, and that section 14 of said chapter (cited herein as C.R.S. '53, 79-5-6), relates only to venue and confers a mere personal privilege which may be waived by failure of the defendant to claim it in the justice of the peace court, the bringing of action in the wrong precinct not being a fatal jurisdictional defect. Applying this rule to the instant case, it readily is seen, that since defendant entered a general appearance by moving for a continuance prior to the return day of summons, he waived the benefits of the venue statute, and the county court clearly was in error in its conclusion that it had no jurisdiction.

The judgment of the trial court is reversed and the cause remanded with instructions to proceed therewith in accordance with the views herein expressed.

MR. JUSTICE HOLLAND dissents.