The TOWN OF FREDERICK, the City of Ft. Lupton, the Weisner Subdivision Preservation Association, Melvin Potter, Edward Quinlan, Ferne Skidmore and Barbara Hernandez, Plaintiffs-Appellants,

v.

COLORADO WATER QUALITY CONTROL COMMISSION, Colorado Water Quality Control Division and the City of Northglenn, Defendants-Appellees.

No. 80CA0421.

Colorado Court of Appeals, Div. I.

Dec. 26, 1980.

Rehearings Denied Jan. 22, 1981.

Certiorari Granted May 11, 1981.

Francis K. Culkin, Denver, for plaintiffs-appellants.

J. D. MacFarlane, Atty. Gen., Sharon S. Metcalf, Asst. Atty. Gen., Denver, for defendants-appellees Colorado Water Quality Control Commission and Water Quality Control Division.

Musick, Williamson, Schwartz, Leavenworth & Cope, P.C., John D. Musick, Jr., Joseph A. Cope, William T. Smith, Jr., Boulder, Helen Knoll, City Atty., Northglenn, for defendant-appellee The City of Northglenn.

VAN CISE, Judge.

Effective April 3, 1979, after a two-day proceeding, the Colorado Water Quality Control Commission (commission) approved the City of Northglenn's application for a site location for a wastewater treatment facility, see § 25–8–704, C.R.S.1973, to be located in southwestern Weld County. This was intended to serve Northglenn and a portion of the City of Thornton, and was part of a joint water sharing project between Northglenn and the Farmers Reservoir and Irrigation Company (FRICO).

A number of state agencies, local governments, environmental groups, and individuals, in person or through their representatives, testified at or presented written material in the commission hearing on Northglenn's application for the site location. These included, among others, Northglenn, FRICO, and Thornton in favor, and the present plaintiffs (except Potter and Hernandez), the Board of County Commissioners of Weld County (Weld County), and Consolidated Ditches Company of Water District No. 2 in opposition. Except for the applicant, Northglenn, which was automatically a party, there is nothing in the record that shows that any of the participants formally qualified for party status as specified in § 25–8–401(3), C.R.S.1973, § 24–4–105(2), C.R.S.1973 (1979 Cum.Supp.), and in the commission regulations enacted pursuant to § 25–8–401(2), C.R.S.1973.

On May 3, a request for reconsideration was filed on behalf of "the inhabitants of the Weisner subdivision," and on May 7 a similar request was filed by Weld County. See § 25–8–403, C.R.S.1973. On May 7, the

commission voted not to reconsider its site approval.

Claiming that the actions of the commission were arbitrary, capricious, and in violation of the law, on June 6 plaintiffs filed their complaint in the Denver district court seeking review of the site approval. *See* §§ 24–4–106 and 25–8–404(1) and (2), C.R.S. 1973. Only the defendants-appellees named in this appeal were made parties defendant in the action. On defendants' motion, the action was dismissed for lack of subject matter jurisdiction, the trial court determining (1) that the plaintiffs were not parties to the administrative proceedings, (2) that indispensable parties had not been joined by the plaintiffs, these being all the persons and organizations participating in the site approval hearing not joined as plaintiffs, and (3) that the complaint had not been timely filed. Plaintiffs appeal. We reverse.

## I. *Venue*

■ Section 25–8–404(2), C.R.S.1973, of the Water Quality Control Act, provides in pertinent part:

"Any proceeding for judicial review of any final order or determination of the division or the commission shall be filed in the district court for the district in which is located the pollution source affected, and shall be filed within thirty days after said order or determination has been served upon the party affected."

Defendants contend that the action should have been filed in the Weld County district court, since the wastewater treatment facility is to be located in that county. They further contend that, in view of the mandatory language "*shall* be filed," failure to file the action in the proper county constitutes a failure to comply with a jurisdictional precondition to judicial review and requires dismissal.

*Air Pollution Control Commission v. District Court*, 193 Colo. 146, 563 P.2d 351 (1977), relied on by defendants, dealt with a section of the Air Pollution Control Act which is similar in all pertinent respects to the one quoted above. In that case, the court held that the proper forum was in the

district in which is located the air contamination source affected, and, since identical actions had been filed in two different district courts, directed the dismissal of the case that had been filed in the wrong county. However, the Court specifically declined to consider any possible *jurisdictional* implications of this statute.

The general rule as to venue is as stated in *Slinkard v. Jordan*, 131 Colo. 144, 279 P.2d 1054 (1955):

" 'The right to have the place of trial changed because the action is brought in an improper County is not jurisdictional, but a mere personal privilege....' "

When, as here, the action was brought in an improper county, venue can be changed on motion. Plaintiffs made such a motion, but, in view of the court's order dismissing the action, the motion has never been ruled on. On remand, the motion should be granted.

## II. *Parties Plaintiff*

■ Plaintiffs claim that the court erred in dismissing their action on the ground that they had not formally sought party status. They contend that they were parties to the commission proceeding "as contemplated by" § 24–4–105(2), C.R.S.1973 (1979 Cum.Supp.) of the Colorado Administrative Procedure Act (the APA). Defendants assert that, since plaintiffs neither sought nor obtained party status in the commission proceeding, they have no right to judicial review. We agree with plaintiffs, but for a different reason.

Formal party status is not a prerequisite to a right of judicial review under § 24–4–106(4), C.R.S.1973 (1979 Cum.Supp.), and by analogy, under § 25–8–404(1) and § 25–8–404(2), C.R.S.1973, so long as the concerned plaintiff can show that it is "adversely affected or aggrieved by any agency action." *CF&I Steel Corp. v. Colorado Air Pollution Control Commission*, Colo., 610 P.2d 85 (1980). Here, all of the plaintiffs have alleged in their complaint that they are adversely affected and aggrieved by the commission action, and have set forth facts which, if proved, would establish that they

will be adversely affected by the construction and operation of the plant at the selected site. *CF&I Steel Corp., supra.*[1]

### III. *Parties Defendant*

■ Defendants contend that if the plaintiffs have standing to seek judicial review, then, pursuant to the APA, in order to stay in court, all of the other persons who participated at the hearing are indispensable and had to be joined as defendants in the court action. Plaintiffs argue that it is not necessary to join in an action for judicial review all of the persons or organizations who presented information to the administrative body; rather they contend it is only necessary to join those persons and entities who would be indispensable parties under C.R.C.P. 19.

We first note that, as stated in *West-Brandt Foundation, Inc. v. Carper,* Colo., 608 P.2d 339 (1980), "[b]ecause . . . the General Assembly specifically has addressed the question of joinder in section 24–4–106, [C.R.C.P.] 19 is not applicable in proceedings brought under the state Administrative Procedure Act." Whether a person or organization meets the statutory requirement as a mandatory party in an action for judicial review depends on whether it "should have been included in the administrative proceeding." *West-Brandt, supra.*

Although other interested persons are not barred from participation, under the circumstances of this case, the only ones required to be present at the administrative proceeding were the applicant and the commission—and they were the only ones who had to be joined as defendants in the court action. Had others formally qualified as parties, then, under the statute, they should also have been joined as parties plaintiff or defendant in the court action—but there were none such here.

Therefore, the trial court erred in holding that indispensable parties had not been joined.

### IV. *Timeliness*

■ Before the expiration of 30 days following the effective date of the commission's action, see § 25–8–403, C.R.S.1973, "the inhabitants of the Weisner subdivision," as persons directly affected by the commission action, applied to the commission for reconsideration of its determination. According to the complaint, the individual plaintiffs were such inhabitants. The 30-day period was stayed while the application was pending. Section 25–8–404(2), C.R.S.1973. On denial of the application, the determination became final, § 25–8–403, C.R.S.1973, and any person qualified to bring the action [2] had 30 days thereafter to seek judicial review. Section 25–8–404(2), C.R.S.1973. The complaint in this action was filed within that 30-day period, and therefore, as contended by plaintiffs, it was timely filed.

The judgment dismissing the action is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

COYTE and PIERCE, JJ., concur.

---

1. The issue of whether individual plaintiffs Potter and Hernandez, who did not participate at the commission hearing, were entitled to ask the commission for reconsideration or to be plaintiffs in the court action was not raised on this appeal and is not addressed in this opinion.

2. None of the parties raised the issue as to whether plaintiffs the Town of Frederick, the City of Ft. Lupton, or the Weisner Subdivision Preservation Association should have filed their own requests for reconsideration, and, absent such filing, whether they had lost their right to judicial review for failure to exhaust their administrative remedies and for failure to file the action within the 30-day period. We express no opinion as to that issue.