In re MARRIAGE OF Danielle VILLALVA, n/k/a Danielle Chapmon, Appellant,

and

Mario Villalva, deceased,

and

Concerning Ray Villalva and Magdelena Villalva, Grandparents–Appellees.

No. 01CA2087.

Colorado Court of Appeals, Div. II.

Aug. 29, 2002.

Law Office of Kevin C. Flesch, L.L.C., Kevin C. Flesch, Englewood, Colorado, for Appellant.

Law Office of Al Cabral, Al Cabral, Denver, Colorado, for Grandparents–Appellees.

Opinion by Judge TAUBMAN.

In this post-dissolution proceeding, Danielle Villalva (mother) appeals from the order of the trial court granting visitation to Ray and Magdelena Villalva (paternal grandparents). We affirm.

Mother and Mario Villalva (father) were divorced by decree in 1997. Pursuant to their separation agreement, which was incorporated into the decree, mother received sole custody of the parties' two young children, and father was granted supervised parenting time.

Father died in a car accident in 2000. His parents, Ray and Magdelena Villalva, filed a motion in the dissolution action in March 2001, seeking visitation pursuant to § 19–1–117, C.R.S.2001. In May 2001, mother filed an objection contending that the trial court was without jurisdiction to consider the grandparents' motion under § 19–1–117(2), C.R.S.2001, because she and the children no longer lived in Jefferson County, where the dissolution action had been commenced. She requested that the case be transferred to the county of her residence, the City and County of Denver. In the alternative, she argued that granting visitation would not be in the children's best interests because they had had no contact or bond with the grandparents.

The court conducted a hearing on the grandparents' motion. It first denied mother's objection, holding that the requirement in § 19–1–117(2) for filing "in the district in which the child resides" was not jurisdictional and that the legislature had intended that a request for grandparent visitation could be tried in an existing dissolution action to avoid multiplicity of litigation. The court then found that the children's best interests would be served by granting visitation with the grandparents. The court appointed a legal representative to develop a schedule that would permit the children to see their grandparents at least five hours every other week.

Mother appeals, contending that the trial court erred in denying her objection and lacked jurisdiction to consider the grandparents' motion. She does not challenge the visitation order on substantive grounds. With respect to the issue of jurisdiction, we find no reversible error.

The grandparent visitation statute, § 19–1–117(1), C.R.S.2001, permits a grandparent to seek a court order granting reasonable visitation rights when there is or has been a child custody case or a case concerning the allocation of parental responsibilities relating to the child. As pertinent here, § 19–1–117(1)(a) and (c), C.R.S.2001, define the phrase "child custody case" to include a dissolution of marriage action or the death of the child's parent who is the child of the grandparent. Section 19–1–117(2) then mandates that the grandparent submit a motion for visitation and a supporting affidavit to the "district court for the district in which *the child resides*" (emphasis added).

We must determine whether § 19–1–117(2) specifies venue or limits subject matter jurisdiction. That question is one of statutory construction. See *U.M. v. Dist. Court*, 631 P.2d 165, 167 n. 3 (Colo.1981).

■ Subject matter jurisdiction concerns a court's authority to deal with the class of cases in which it renders judgment. *Dallas Creek Water Co. v. Huey*, 933 P.2d 27 (Colo. 1997); *Minto v. Lambert*, 870 P.2d 572 (Colo. App.1993). A court has jurisdiction over the subject matter if the case is one of the types of cases that the court has been empowered to entertain by the sovereign from which the court derives its authority. *Williamson v. Williamson*, 39 P.3d 1199 (Colo.App.2001).

■ In contrast, venue refers to the place of trial or the locality where an action may be properly brought. If the court has subject matter jurisdiction, bringing an action in an improper county is not a jurisdictional defect. *State v. Borquez*, 751 P.2d 639 (Colo.1988).

■ Insofar as § 19–1–117(2) specifies the place where the visitation motion must be filed, we conclude that it concerns venue. *See U.M. v. Dist. Court, supra* (concluding that provision of the Uniform Parentage Act that specified where a paternity action could be brought was a venue statute). We also conclude that the visitation request authorized under § 19–1–117 represents the general sort of custody or related matter decided in the district courts. *See also* § 14–10–123.3, C.R.S.2001 (requests for parental responsibility for a child by grandparents).

■ Ordinarily, a dissolution court will retain jurisdiction over child custody issues or matters pertaining to the allocation of parental responsibilities until the child is emancipated. *In re Marriage of Hartley*, 886 P.2d 665 (Colo.1994). In some circumstances, moreover, a grandparent may file a petition seeking allocation of parental responsibilities under the Uniform Dissolution of Marriage Act. See § 14–10–123(1)(b), C.R.S.2001.

Even though the filing requirement in § 19–1–117(2) is mandatory, that fact alone does not dictate that the statute be regarded as jurisdictional. Thus, in *People, In Interest of T.L.D.*, 809 P.2d 1120 (Colo.App.1991), a division of this court held that a statutory requirement that a dependency and neglect case be filed in the county of the child's residence or where the child was present was subject to waiver.

We conclude that the trial court here correctly determined that the filing requirement set forth in § 19–1–117(2) did not affect the court's subject matter jurisdiction. Instead, § 19–1–117(2) is a venue provision and, as such, is subject to waiver. *See Brisbin v. Schauer*, 176 Colo. 550, 492 P.2d 835 (1971)(when statute does not contain procedure for change of venue, party must use

procedure contained in applicable procedural rules).

Under C.R.C.P. 98(e), a motion to change venue must be filed within the time permitted for the filing of motions under C.R.C.P. 12(b)(1) to (4), that is, within twenty days after the service of the summons and complaint. Otherwise, the objection is deemed waived. *State v. Dist. Court,* 635 P.2d 889 (Colo.1981).

 Here, the record demonstrates that mother's objection and request for transfer were not timely filed. Further, she has not alleged any prejudice to her substantial rights as a result of the court's decision not to transfer this matter to Denver, where she now resides. Accordingly, we conclude that mother waived any objections she had to venue in Jefferson County. *See Keohane v. Wilkerson,* 859 P.2d 291 (Colo.App.1993)(error in granting a change of venue did not constitute reversible error where no prejudice alleged), *aff'd sub nom. Keohane v. Stewart,* 882 P.2d 1293 (Colo.1994).

The order is affirmed.

DAILEY and CRISWELL *, JJ., concur.