L & R EXPLORATION VENTURE; Ann L. Bronfman; Judith L. Chiara; Peter Dixon, as Executor of the Estate of W. Palmer Dixon; Margaret L. Kempner; Thomas L. Kempner; Jerome A. Manning and John A. Levin, Trustees of the Carl M. Loeb Trust f/b/o Ann L. Bronfman; Jerome A. Manning and John A. Levin, Trustees of the Carl M. Loeb Trust f/b/o Judith L. Chiara; Jerome A. Manning and John A. Levin, Trustees of the Carl M. Loeb Trust f/b/o Deborah L. Brice; Jerome A. Manning and John A. Levin, Trustees of the Frances L. Loeb

Trust f/b/o John L. Loeb, Jr.; Estate of Henry A. Loeb; John L. Loeb, Jr., John Rodgers, and Mal L. Barasch, as Trustees of the Virginia Bloomgarden Trust; Trof, Inc., formerly known as Marshall Petroleum; Larry C. Serr, as Trustee of the Robineau Trusts; John S. Rodgers and Mal L. Barasch, as Trustees of the Audrey Holly Trust, LLC; Columbia University Trust Administration, as Executor of the Estate of Daniel Silberberg; M.M. Wellman, as Trustee of the Mark J. Millard Trust; Frederick Lubcher and Ann B. Lesk, as Trustees of the Diana Von Muffling Trust, Charles Von Muffling Trust, and William Von Muffling Trust; John L. Loeb, Jr.; and John S. Rodgers, Plaintiffs–Appellees,

v.

Jack J. GRYNBERG, Defendant–Appellant.

No. 09CA1985.

Colorado Court of Appeals, Div. III.

Jan. 6, 2011.

As Modified on Denial of Rehearing Feb. 17, 2011.

Holland & Hart, LLP, Marcy G. Glenn, Christie L.R. McCall, Christina F. Gomez, Denver, Colorado, for Plaintiffs–Appellees.

Brian E. Fitzgerald, Denver, Colorado; Michael W. Coriden, Evergreen, Colorado; Roger A. Jatko, Parker, Colorado, for Defendant–Appellant.

Opinion by Judge J. JONES.

Appellees, L & R Exploration Venture and its trustees (together, L & R Venture), domesticated a foreign judgment against appellant, Jack Grynberg, in Colorado district court under the Uniform Enforcement of Foreign Judgments Act (the Uniform Act), sections 13–53–101 to –108, C.R.S.2010. Mr. Grynberg appeals the district court's order denying his C.R.C.P. 60(b) motion for relief from the domesticated judgment.

Mr. Grynberg contends, as he did in his Rule 60(b) motion, that the domesticated judgment is void because L & R Venture did not file the foreign judgment in the county in which he resided at the time of the filing— that is, venue was improper—and did not file a properly authenticated copy of the foreign judgment. We conclude, however, that the Uniform Act unambiguously allows a party to file a foreign judgment in any court which would have had jurisdiction over the underlying action had it been filed in Colorado, and that it does not require, as a condition of enforceability, that the county in which it is filed be a proper venue under C.R.C.P. 98. We also conclude that Mr. Grynberg failed to establish any basis for setting aside the judgment under Rule 60(b)(5) based on the manner in which L & R Venture sought to establish that it had filed an authenticated copy of the foreign judgment. Accordingly, we affirm the district court's order.

## I. Background

In 2001, Mr. Grynberg sued L & R Venture in Colorado based on disputes arising from the parties' joint venture agreement. Soon thereafter, L & R Venture filed a petition in New York state court to stay the Colorado proceeding and to compel Mr. Grynberg to arbitrate the parties' disputes in New York. In response, Mr. Grynberg asserted that the New York court lacked personal jurisdiction over him and that the parties' disputes were not arbitrable. The New York court referred the personal jurisdiction issue to a special referee, who concluded that the New York court had personal jurisdiction over Mr. Grynberg.

The New York court granted L & R Venture's petition to stay the Colorado proceeding and to compel arbitration. Mr. Grynberg unsuccessfully appealed. *See L & R Exploration Venture v. Grynberg,* 22 A.D.3d 221, 804 N.Y.S.2d 286 (N.Y.App.Div.), *appeal denied,* 6 N.Y.3d 749, 810 N.Y.S.2d 413, 843 N.E.2d 1153 (2005).

An arbitration panel determined that the disputes were arbitrable. It then held hearings on the parties' substantive claims before deciding largely in L & R Venture's favor and awarding L & R Venture $3,067,783, plus interest.

Thereafter, L & R Venture moved to confirm the arbitration award in New York state court. In response, Mr. Grynberg crossmoved to partially vacate the award. The New York court granted L & R Venture's motion and denied Mr. Grynberg's crossmotion, confirming the arbitration panel's award in its entirety. The court ordered Mr. Grynberg to pay the outstanding amount of the award, $1,691,111.11, plus post-judgment interest. (Mr. Grynberg had paid a portion of the original award of $3,067,783.)

On June 10, 2009, L & R Venture sought to domesticate the New York judgment in Colorado by filing a copy of it in Arapahoe County District Court. *See* § 13–53–103, C.R.S.2010. L & R Venture submitted an affidavit with the foreign judgment attesting that counsel had mailed a notice of the filing to Mr. Grynberg. Though Mr. Grynberg apparently received that notice (he has never alleged otherwise), he did not object to the filing within the ten-day period in which enforcement of the judgment was stayed by operation of statute. *See* §§ 13–53–104(3), –105(2), C.R.S.2010. The district court sent Mr. Grynberg notice of the filing and the entry of judgment on June 18. *See* § 13–53–104(2). Mr. Grynberg subsequently moved for relief from the district court's domesticat-

ed judgment under Rule 60(b)(3) and (5). After additional briefing and a hearing, the district court denied the motion.

## II. Venue

Mr. Grynberg contends that a party seeking to domesticate a foreign judgment in Colorado under the Uniform Act is required by section 13–53–103 itself to file the judgment in a venue proper under Rule 98, and that a failure to do so renders the domesticated judgment subject to attack as void under Rule 60(b)(3). Because he did not reside in Arapahoe County when L & R Venture filed the New York judgment in Arapahoe County District Court, he argues that venue was improper, and the district court therefore erred by denying his Rule 60(b)(3) motion. We are not persuaded.

### A. Standard of Review and General Legal Principles

■ Rule 60(b)(3) allows a court to grant a party relief from a void judgment. Generally speaking, a judgment is void if the court lacked personal jurisdiction over the parties or subject matter jurisdiction over the cause of action, or if it was entered in violation of a party's procedural due process rights to notice or to be heard. *See Goodman Assocs., LLC v. WP Mountain Properties, LLC,* 222 P.3d 310, 314 (Colo.2010); *In re Water Rights of Columbine Ass'n,* 993 P.2d 483, 488 (Colo.2000); *SR Condominiums, LLC v. K.C. Constr., Inc.,* 176 P.3d 866, 869 (Colo.App.2007); *Don J. Best Trust v. Cherry Creek Nat'l Bank,* 792 P.2d 302, 304–05 (Colo.App.1990); *see also United Student Aid Funds, Inc. v. Espinosa,* — U.S. —, —, 130 S.Ct. 1367, 1377, 176 L.Ed.2d 158 (2010). We review a district court's denial of relief from an allegedly void judgment de novo. *Goodman,* 222 P.3d at 314.

■ Mr. Grynberg's contention presents an issue of statutory interpretation. We also review issues of statutory interpretation de novo. *Foiles v. Whittman,* 233 P.3d 697, 699 (Colo.2010); *In re Marriage of Gallegos,* 251 P.3d 1086, 1087 (Colo.App.2010). Our primary tasks in interpreting a statute are to ascertain and give effect to the General Assembly's intent. *Crandall v. City & County of Denver,* 238 P.3d 659, 662 (Colo.2010); *Premier Farm Credit, PCA v. W–Cattle, LLC,* 155 P.3d 504, 513 (Colo.App.2006). To do this, we look first to the language of the statute, giving the words and phrases used therein their plain and ordinary meanings. *Crandall,* 238 P.3d at 662; *Premier Farm Credit,* 155 P.3d at 513. We also consider the statute as a whole to give consistent, harmonious, and sensible effect to all its parts. *Bd. of County Comm'rs v. Costilla County Conservancy Dist.,* 88 P.3d 1188, 1192 (Colo.2004); *Premier Farm Credit,* 155 P.3d at 513. If we determine that the statutory language is clear and unambiguous, we apply it as written, without resorting to interpretive rules of statutory construction. *Crandall,* 238 P.3d at 662; *Premier Farm Credit,* 155 P.3d at 513. However, if we determine that the statute is ambiguous in some material way, we may look to extrinsic evidence of intent, including prior law, legislative history, the consequences of a particular construction, and the goal of the statutory scheme. *Bd. of County Comm'rs,* 88 P.3d at 1193; *Carruthers v. Carrier Access Corp.,* 251 P.3d 1199, 1203 (Colo.App.2010); see § 2–4–203, C.R.S.2010.

### B. Analysis

Section 13–53–103 states:

A copy of any foreign judgment authenticated in accordance with the act of congress or the laws of this state may be filed in the office of the clerk of any court of this state which would have had jurisdiction over the original action had it been commenced first in this state.

A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of the court of this state in which filed and may be enforced or satisfied in like manner.

■ As best we can tell, Mr. Grynberg argues either that the statutory language implies a requirement of filing the foreign judgment in a court in which venue would have been proper if the underlying action had been commenced in Colorado, or that the reference to "jurisdiction" in the statute en-

compasses the concept of venue. Both arguments miss the mark.

We perceive no ambiguity in the statute's plain language. It does not contain any express or implied reference to venue. Rather, the plain language of the statute limits where a party may file a foreign judgment in Colorado based only on jurisdiction. *See Specialty Rests. Corp. v. Nelson*, 231 P.3d 393, 397 (Colo.2010) ("[W]e will not construe a statute in a manner that assumes the General Assembly made an omission; rather, the General Assembly's failure to include particular language is a statement of legislative intent."). It is equally clear that by referring to "jurisdiction over the original action," the statute limits the filing of a foreign judgment only by the subject matter jurisdiction of the court.

■■■ Colorado courts have long recognized the distinction between subject matter jurisdiction and venue. Subject matter jurisdiction refers to "the authority to decide a case presented to the court." *Hill v. Dist. Court*, 134 Colo. 369, 373–74, 304 P.2d 888, 891 (1956); *accord Sanctuary House, Inc. v. Krause*, 177 P.3d 1256, 1258 (Colo.2008); *State v. Borquez*, 751 P.2d 639, 641 (Colo. 1988). Venue, in contrast, refers to "the locality where an action may be properly brought." *Borquez*, 751 P.2d at 641; *see Sanctuary House*, 177 P.3d at 1258 ("Once it is established that the courts of Colorado have jurisdiction to hear an action, the question of venue determines which particular Colorado court should hear and try the case."); *In re Marriage of Villalva*, 56 P.3d 1214, 1215 (Colo.App.2002); *see generally* 14D Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3801 (3d ed. 2007) (discussing the historical distinction between subject matter jurisdiction and venue). We presume the General Assembly understood this distinction when it enacted section 13–53–103. *Granite State Ins. Co. v. Ken Caryl Ranch Master Ass'n*, 183 P.3d 563, 567 (Colo.2008) (the legislature is presumed to know the legal import of the words it uses).

Therefore, we conclude that section 13–53–103 does not contain a venue requirement, either implicitly or by virtue of its use of the term "jurisdiction."

We are not persuaded to the contrary by Mr. Grynberg's argument that we should follow the example of other states that have incorporated general venue requirements into their versions of section 13–53–103 of the Uniform Act. He first directs us to parallel foreign judgment filing statutes in Iowa, California, New Mexico, and Washington. However, those states' versions of the filing statute expressly require that a foreign judgment be filed in the proper venue and are, therefore, materially different from section 13–53–103.[1]

Mr. Grynberg's reliance on *Cantu v. Howard S. Grossman, P.A.*, 251 S.W.3d 731 (Tex. App.2008), is also misplaced. In *Cantu*, the court reviewed the denial of a motion to transfer venue based on Texas's version of the filing provision of the Uniform Act. *Id.* at 734. The court concluded that because the Texas statute is silent as to venue, providing only that a foreign judgment "may be filed in [any Texas court] of competent jurisdiction," it would apply Texas's general venue statute to determine whether the change of venue was properly denied. *Id.* at 733–35, 737; *see* Tex. Civ. Prac. & Rem.Code Ann. § 35.003(a). The court expressly did not incorporate a venue requirement into the Uni-

---

1. Iowa's version of the filing statute uses the word "venue" in directing parties where to file foreign judgments. Iowa Code § 626A.2(1) (2009) (a foreign judgment "may be filed in the office of the clerk of the district court of a county of this state which would have venue if the original action was being commenced in this state"). Washington's version does also. Wash. Rev. Code § 6.36.025(2) (2010) (requiring a filing "within the civil jurisdiction and venue of the district court"). And although California's and New Mexico's versions of the filing statute do not use the word "venue," they otherwise expressly incorporate a venue requirement. Cal. Civ. Proc. § 1710.20(b) (2009) ("the proper county for the filing of [a foreign judgment] is any of the following: (1) The county in which any judgment debtor resides. (2) If no judgment debtor is a resident, any county in this state"); N.M. Stat. Ann. § 39–4A–3(A) (2010) (a foreign judgment "may be filed in ... the district court of any county of this state in which the judgment debtor resides or has any property or property rights subject to execution, foreclosure, attachment or garnishment").

form Act's filing provision, *Cantu*, 251 S.W.3d at 737, as Mr. Grynberg urges us to do; rather, it applied a separate venue statute to a filing made under the Uniform Act for the purpose of reviewing a decision on a motion to transfer venue.

In *Cantu*, the court looked to three cases from other states applying their versions of the Uniform Act. None of those cases holds that filing in a proper venue is a requirement of the Uniform Act itself. All three merely applied general venue provisions to proceedings under the Uniform Act. *Ex Parte Wells*, 567 So.2d 388, 389 (Ala.Civ.App.1990); *Cherwood, Inc. v. Marlin Leasing Corp.*, 268 Ga. App. 64, 601 S.E.2d 356, 357 (2004); *Garrett v. Okla. Panhandle State Univ.*, 156 P.3d 48, 50–51 (Okla.Civ.App.2006) ("venue . . . is not embedded in the Act itself").[2]

Mr. Grynberg nonetheless contends that we must read a venue requirement into section 13–53–103 because he could not have moved for a change in venue under Rule 98. Citing *Hunter Technology, Inc. v. Scott*, 701 P.2d 645 (Colo.App.1985), and *Griggs v. Gibson*, 754 P.2d 783 (Colo.App.1988), he argues that (1) a proceeding under section 13–53–103 is not an "action"; (2) Rule 98 applies only to "actions"; and (3) therefore, Rule 98 does not apply to filings under section 13–53–103. We reject this argument for two reasons.

First, Mr. Grynberg's argument erroneously assumes that there must be some legal limit on where in Colorado a foreign judgment may be filed—that is, that a venue limitation must exist for any such filing. However, a defendant in a civil matter in Colorado state court does not have a constitutional right to insist that a matter be heard in the venue of his residence: venue in civil matters is governed, if at all, by rule or statute. *See State v. Dist. Court*, 635 P.2d 889, 891 (Colo.1981) (a plaintiff is generally entitled to his choice of forum; venue must be determined within the framework of Rule 98); Colo. Const. art. II, § 16 (providing a venue requirement for criminal cases); *see*

also *State ex rel. Kenamond v. Warmuth*, 179 W.Va. 230, 366 S.E.2d 738, 741 (1988) (noting that venue is not a matter of constitutional right in civil cases in West Virginia). Mr. Grynberg cites no authority for the proposition that, in the absence of any applicable rule or statute, a court must create, out of thin air, a venue requirement.

Second, Mr. Grynberg misreads *Hunter Technology* and *Griggs*. In *Hunter Technology*, the division held that a filing under section 13–53–103 is not the institution of an "action" within the meaning of a statute of limitations, and therefore is not subject to any deadline for filing. 701 P.2d at 646. In *Griggs*, the division observed, citing *Hunter Technology*, that a filing under section 13–53–103 is not an "action," and therefore the requirement of the Uniform Act to file a properly authenticated foreign judgment "is not a mere administrative step that may be waived," but "rather . . . is a necessary condition precedent to the domestic enforcement of that judgment." 754 P.2d at 785. Neither *Hunter Technology* nor *Griggs* involved venue or Rule 98.

We are not aware of any Colorado appellate decision construing the term "action" in Rule 98. We recognize that the term could be construed as limited to civil actions initiated in the manner called for in the Colorado Rules of Civil Procedure. *See In re Marriage of Plank*, 881 P.2d 486, 487 (Colo.App. 1994); *see also* C.R.C.P. 2, 3. A filing under section 13–53–103 would not appear to meet that definition. We also recognize, however, that the term could be construed to mean broadly "[a] civil . . . judicial proceeding," *Black's Law Dictionary* 32 (9th ed. 2009), and that other courts have thus far uniformly interpreted similar terms in general venue provisions to encompass filings under the Uniform Act. *Ex Parte Wells*, 567 So.2d at 389 ("actions"; *see* Ala.Code § 6–3–2); *Cherwood, Inc.*, 601 S.E.2d at 357 ("civil cases"); *Garrett*, 156 P.3d at 50 n. 2, 51 ("actions"); *Cantu*, 251 S.W.3d at 734 ("lawsuit"); *but see Cantu*, 251 S.W.3d at 745–51 (Frost, J., dis-

---

**2.** In two of these cases, the courts clearly addressed motions to change venue. *See Ex Parte Wells*, 567 So.2d at 389; *Garrett*, 156 P.3d at 49. In the third, the procedural context is not entire-

ly clear, though the court noted that the judgment debtor had "objected to venue." *See Cherwood, Inc.*, 601 S.E.2d at 357.

senting) (reasoning that a filing under the Uniform Act is not a "lawsuit" and that venue provisions do not apply to such filings).

We need not, and therefore do not, resolve this thorny issue in this case. If Rule 98 does not apply to filings under section 13–53–103, Mr. Grynberg's Rule 60(b)(3) motion was properly denied because venue is irrelevant to a filing under the Uniform Act. If Rule 98 does apply to such filings, Mr. Grynberg's remedy was to timely file for a change of venue under Rule 98(e), not to move to set aside the judgment under Rule 60(b)(3) because improper venue is generally not fatal to the validity of a judgment. *See Spencer v. Sytsma*, 67 P.3d 1, 9 (Colo.2003) ("[B]ringing an action in an improper county is not a fatal defect in the case."); *Villalva*, 56 P.3d at 1215 ("If the court has subject matter jurisdiction, bringing an action in an improper county is not a jurisdictional defect."). Here, Mr. Grynberg never moved for a change of venue. (Indeed, at the hearing, Mr. Grynberg's counsel said, "I'm not asking for a change of venue.") Assuming Rule 98 applies, he therefore waived any objection to venue. *See* C.R.C.P. 98(e)(1); *Spencer*, 67 P.3d at 3, 8; *Slinkard v. Jordan*, 131 Colo. 144, 149, 279 P.2d 1054, 1056 (1955); *Villalva*, 56 P.3d at 1215.

## III. Authentication of the Foreign Judgment

Mr. Grynberg contends that the district court erred in denying his Rule 60(b)(5) motion for relief from judgment based on L & R Venture's failure to file a properly authenticated copy of the foreign judgment.[3] Specifically, he argues that the filing was deficient because (1) the certification of authenticity was illegible on the copy of the foreign judgment that was e-filed in the district court, and (2) L & R Venture failed to authenticate the foreign judgment under C.R.C.P. 44(a) or otherwise prove its authenticity under C.R.C.P. 44(c). We are not persuaded.

### A. Standard of Review and General Legal Principles

Rule 60(b)(5) is a catch-all provision that allows a court to relieve a party from a judgment in "extreme situations or extraordinary circumstances" not covered by the other enumerated provisions of Rule 60. *Davidson v. McClellan*, 16 P.3d 233, 237 (Colo.2001); *accord SR Condominiums*, 176 P.3d at 870. We review a district court's denial of a Rule 60(b)(5) motion for an abuse of discretion. *Goodman*, 222 P.3d at 314; *Hicks v. Joondeph*, 232 P.3d 248, 251 (Colo. App.2009). A court abuses its discretion in this context where its decision is manifestly arbitrary, unreasonable, or unfair. *Goodman*, 222 P.3d at 314.

As noted, the filing statute requires the party seeking to domesticate a foreign judgment in Colorado to file a "copy of [the] foreign judgment authenticated in accordance with the act of congress or the laws of this state ..." § 13–53–103. C.R.C.P. 44(a)(1) provides that a judgment from another state may be authenticated by filing

> a copy attested by the officer having the legal custody of the record, or by the officer's deputy, and accompanied by a certificate that such officer has the custody. The certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of the officer's office.

### B. Analysis

At the hearing on Mr. Grynberg's Rule 60(b) motion, L & R Venture's counsel said that he had personally gone to the New York clerk of courts and witnessed him sign and stamp the copy of the judgment L & R Venture had filed electronically in Colorado.[4]

---

3. We note that Mr. Grynberg does not challenge the validity of the New York judgment, merely L & R Venture's compliance with the Act in authenticating it and filing it in Colorado.

4. C.R.C.P. 121, section 1–26 describes the e-filing pilot program. Subsection 13 states that "[w]ith the permission of the Chief Justice, a chief judge may mandate E–Filing within a county or judicial district for specific case classes or types of cases." As of January 2006, the Arapahoe Coun-

L & R Venture's counsel presented the original certified copy of the judgment, bearing the signature and seal of the New York clerk of courts and the raised seal and colored stamp of the New York court, to the district court; read the certification into the record; and made the original copy available for inspection. Further, Mr. Grynberg's counsel said that when he received the electronic filing, he assumed the illegible stamp was the certification.

We are not persuaded by Mr. Grynberg's argument that because the certification was illegible on the e-filed copy, L & R Venture's copy of the judgment did not comply with the Act. The illegibility created by the electronic filing process did not transform L & R Venture's properly authenticated judgment into an unauthenticated one.[5] And, contrary to Mr. Grynberg's assertion, L & R Venture's counsel's presentation of the original copy at the hearing was not to correct an improper filing, but rather to prove that the original filing was properly authenticated. *See* C.R.C.P. 44(c) ("This Rule does not prevent the proof of official records or of entry or lack of entry therein by any method authorized by law."); *cf. Griggs*, 754 P.2d at 784–85 (holding that the district court lacked authority to enforce a foreign judgment where the plaintiff filed only an affidavit describing the foreign judgment and not a certified copy of the judgment itself in the first instance).

It may be, however, as Mr. Grynberg contends, that the certification required by Rule 44(a)(1) must be by an officer different from the person attesting to the judgment's authenticity (which here it was not). *But see Medina & Medina, Inc. v. Gurrentz Int'l Corp.*, 304 Pa.Super. 76, 450 A.2d 108, 110 (1982) (holding that an attestation and certification by the same clerk satisfied an authentification provision substantially similar to Rule 44(a)(1)). But we need not decide

whether Mr. Grynberg is correct because we are not persuaded that the technical defect of which he complains necessarily constitutes an extreme situation or extraordinary circumstance justifying relief under Rule 60(b)(5).

Therefore, we conclude the district court did not abuse its discretion in denying Mr. Grynberg's Rule 60(b)(5) motion.

The district court's order is affirmed.

Judge DAILEY and Judge CRISWELL[*] concur.

ty District Court required e-filing in all civil cases. *See* http://www.courts.state.co.us/Administration/Program.cfm/Program/21 (follow "Mandatory E–Filing Locations" hyperlink).

**5.** Similarly, the electronic filing process did not transform the New York clerk of court's original signature on the copy into a facsimile one, as Mr. Grynberg argues. Therefore, we need not decide whether a facsimile signature is adequate for certification under the Uniform Act. *See* CRE 902.

