**MUNN et al. v. MOHLER.**
No. 3040.

Court of Civil Appeals of Texas. Waco.
Oct. 2, 1952.

802

Turner, Rodgers, Winn, Scurlock & Terry, Fritz L. Lyne, James R. Rodgers, Dallas, for appellants.

O'Dowd & O'Dowd, Waco, for appellee.

HALE, Justice.

This is an appeal from a venue proceeding. Appellee, a resident of McLennan County, instituted suit in the 19th District Court of that county against appellants to recover overtime compensation in the sum of $1,930.88, liquidated damages in the sum of $5,892.64 and attorneys' fees in the sum of $2,400 alleged to be recoverable under the Fair Labor Standards Act of 1938, as amended, Title 29 U.S.C.A. § 201 et seq., hereafter referred to as the Federal Act. Appellants seasonably filed their pleas of privilege in proper form, asserting their right under Art. 1995 of Vernon's Tex.Civ. Stats. to be sued in Dallas County, the county of their residence. Appellee controverted the pleas on the ground that the Federal Act upon which his suit was based authorizes him to maintain his action in any court of competent jursidiction and thereby supersedes the provisions of the state statutes relating to venue and, if not, that his suit was based upon a crime committed by appellants in McLennan County within the meaning of Subd. 9 of Art. 1995, Vernon's Tex. Civ.Stats., in that appellants violated the minimum wage and maximum hours provisions of the Federal Act in the county where the suit was instituted. After hearing the evidence adduced upon the venue issue thus raised by the pleadings, the court overruled the pleas of privilege.

Appellants say the court below erred in overruling their pleas of privilege because the Federal Act does not supersede the provisions contained in the venue statutes of Texas, and because the competent evidence introduced upon the hearing was insufficient as a matter of law to make out a prima facie case under the terms of the Federal Act or to show that appellee's suit was based upon a crime committed in McLennan County within the meaning of Subd. 9 of Art. 1995, Vernon's Tex.Civ.Stats.

Secs. 206 and 207 of the Federal Act, relating to minimum hours and maximum wages, respectively, provide in substance that every employer shall pay to each of his employees who is engaged in interstate commerce or in the production of goods for commerce, not less than 75¢ an hour for a workweek of not more than forty hours, unless such employee receives compensation for his employment in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. Sec. 216(a) of the Act provides that any person who wilfully violates Sec. 215 shall, upon conviction thereof, be subject to a fine of not more than $10,000 or to imprisonment of not more than six months, or both. Sec. 216(b) provides that any employer who violates the provisions of Sec. 206 or 207 shall be liable to the employee affected in the amount of his unpaid minimum wages, for an equal amount as liquidated damages and for attorneys' fees, and that an action to recover such civil liability may be maintained in any court of competent jurisdiction.

■ Art. 1995 of Vernon's Tex.Civ. Stats., relating to venue of civil actions which may be brought in the courts of Texas, provides that no person who is an inhab-

itant of this State shall be sued out of the county in which he has his domicile, except in certain cases therein specifically enumerated. The Texas courts have held repeatedly and consistently that the legal right of a defendant to be sued in the county of his residence is a valuable right of which he may not be deprived unless the case filed against him comes clearly within one of the exceptions found in the venue statute. A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619; Newlin v. Smith, 136 Tex. 260, 150 S.W.2d 233; Bennett v. Jackson, Tex.Civ.App., 172 S.W.2d 395, er. ref. W.M.

█ █ We do not think the intended purpose of the Federal Act was to supersede the provisions of any statute relating to venue of civil actions or that the legal effect thereof was to deprive an inhabitant of Texas of his right to be sued in the county of his domicile under the provisions of Art. 1995 of Vernon's Tex.Civ.Stats. The Federal Act created the civil rights and liabilities therein specified without expressly providing any remedy for the enforcement thereof other than to permit an action to recover such liability in any court of "competent jurisdiction." While the aggrieved employee was thus authorized to select the forum where he would institute and prosecute such action, either in the Federal or State courts, he was not thereby relieved of the duty to select a court which could properly acquire jurisdiction over the person of the employer sued, as well as jurisdiction over the subject matter of his suit. In civil actions brought in the state courts under the Federal Act, the substantive rights of the parties must be determined by the terms of the Act and the interpretation placed upon the same by the Supreme Court of the United States. However, in such actions the state rules of practice and procedure govern all matters pertaining to the remedy sought to be enforced in the state courts. 5 R.C.L. 1042, Sec. 134; 11 Am.Jur. 498, Sec. 186; 12 C.J. 447, 483, Secs. 27, 92; 15 C.J.S., Conflict of Laws, §§ 9, 22, pages 877, 948; Central Vermont Ry. Co. v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433, Ann.Cas. 1916B, 252; Minneapolis & St. Louis R. R. Co. v. Bombolis, 241 U.S. 211, 36 S.Ct. 595, 60 L.Ed. 961, L.R.A.1917A, 86, Ann.Cas. 1916E, 505; Rockwood v. Crown Laundry Co., 352 Mo. 561, 178 S.W.2d 440; Ille v. Travis Oil Corp., 196 Okl. 332, 164 P.2d 998.

█ █ In order to show that his suit was based upon a crime committed in McLennan County within the meaning of Subd. 9 of Art. 1995 of Vernon's Tex.Civ.Stats., it was necessary for appellee to plead and prove that appellants, or some agent or representative of theirs, had wilfully violated the minimum wage or maximum hours provisions of the Federal Act in that county. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. Appellee testified in substance that he was employed by appellants in the year of 1950 as a night watchman during the time they were constructing a new bus station for the Greyhound Bus Lines Co. in Waco; that he worked 91 hours per week for a continuous period of 46 weeks and 3 nights in such employment; and that he was paid only $44.94 per week for the services which he rendered. He further testified that it was generally recognized by all the employees on the job that the new building was being constructed to take the place of an old building then being used at another location as a bus station, and that as soon as the new building was completed it would be occupied and used by the Greyhound Bus Lines Co. in carrying on its business of transporting persons from its bus station to any place in the United States. But there was no evidence which in our opinion shows or tends to show that appellants, or either of them, or any responsible agent or representative of either of them, knew that appellee was engaged or at any time during his employment claimed to be engaged in commerce or in the production of goods for commerce, if in fact or in law he was so engaged, or that they wilfully violated or intended to violate any of the provisions of the Federal Act in so far as appellee's employment or his discharge of the duties thereof was concerned. Therefore, we are constrained to hold that appellee failed to show by competent evidence that his suit was based upon a crime committed in McLennan County within the meaning of Subd. 9, Art. 1995 of Vernon's Tex.Civ. Stats. McKinney v. Moon, Tex.Civ.App., 173 S.W.2d 217.

Accordingly, the order appealed from is reversed and judgment is here rendered sustaining the plea of privilege of each appellant to be sued in Dallas County.

LESTER, J., took no part in the consideration or disposition of this case.