**A. J. WOOD, Jr., Appellant,**

**v.**

**PARKER SQUARE STATE BANK, Appellee.**

No. 16628.

Court of Civil Appeals of Texas.

Fort Worth.

May 7, 1965.

Rehearing Denied May 28, 1965.

Prothro & Sellers, and Lee Sellers, Wichita Falls, for appellant.

Nelson, Montgomery & Robertson, and Ernest Robertson, Wichita Falls, for appellee.

RENFRO, Justice.

Suit was instituted by Wood against Parker Square State Bank to establish priority of certain liens upon real estate. Both parties moved for summary judgment. Defendant's motion was granted.

In his two points of error plaintiff contends the court erred in rendering judgment for defendant and refusing to enter judgment for plaintiff.

On August 1, 1962, defendant loaned to Lincoln Enterprises, Inc., the sum of $125,-000, evidenced by a promissory note payable in five annual installments. The note was secured by a first lien on 34.6 acres of land in Wichita County, evidenced by deed of trust of same date which was duly recorded.

The deed of trust provided it would secure, in addition to the amount represented by the note, "all other indebtedness which may accrue and become owing in the future either as maker, endorser, guarantor or surety, (direct or contingent) and all interest charges and attorney's fees thereon, and all extensions and renewals thereof", and "this conveyance is made for the security and enforcement of the payment of said indebtedness and also to secure the payment of any and all other sums of money which may be advanced for or loaned to Grantors by the Beneficiary, his heirs or assigns."

On January 23, 1963, plaintiff loaned to Lincoln Enterprises, Inc., the sum of $50,-000, and received a promissory note in that amount secured by a deed of trust covering the same land as the first lien held by defendant.

On October 3, 1963, Lincoln Enterprises executed a note in the sum of $21,248.46, payable to Wayne K. Horton ninety days after date, in renewal and extension of a prior note. The note represented funds advanced by Horton to Lincoln Enterprises over a period of several years. On October 26, 1963, defendant purchased the above note from Horton. Horton was an employee of defendant bank. At the time de-

fendant purchased the Horton note it had notice of plaintiff's note and second lien.

In January, 1964, defendant elected to foreclose its lien on the Lincoln Enterprises land. Defendant claimed its lien secured the Enterprises to Horton note as well as the original $125,000.

At the trustee's sale, by agreement of the parties, plaintiff bought the land, paid defendant the balance due on the $125,000 note and placed in escrow, pending a judicial decision as to the rights of the respective parties, the sum of $21,980, being the sum then due on the Horton note.

On appeal plaintiff argues that Texas law does not support defendant's position (and the trial court's judgment) but, if it does, the courts should decline to follow such law.

The future indebtedness provisions in the Enterprises deed of trust to defendant are remarkably similar to those presented to the court in Freiberg v. Magale, 70 Tex. 116, 7 S.W. 684 (1888). In that case the Supreme Court held: "But the appellee claims that the mortgage does not secure the debts for which the trustee sold the property; that the mortgage could not secure future debts, and, if it could, the future debts contemplated by the mortgage were to be of the same kind provided for in terms by the mortgage. A mortgage can be made to cover future debts, and such a mortgage will be good not only between the parties, but as to purchasers from the mortgagor with notice of the mortgage. A mortgage providing for the security of future debts puts persons dealing with the mortgagor in reference to the mortgaged property upon notice that such debts may exist and bind the property. They must inquire as to this fact, or purchase at their peril. 1 Jones, Mortg. §§ 364, 370–372; Lovelace v. Webb, 62 Ala. 271; Witczinski v. Everman, 51 Miss. [841,] 846. The present mortgage provides for the securing of future indebtedness. We do not think that the character of this indebtedness was lim-

ited. It was contemplated that debts should accrue by reason of the sale of goods, but not from this cause alone. The mortgage expressly provides that indebtedness of any kind shall be secured by it. It then, to place the matter beyond doubt, provides for debts to accrue in any other manner than had been already stated."

The law as announced in Freiberg v. Magale has been followed or recognized as the rule in Texas in Law Sprinkle Mercantile Co. v. Hause, 184 S.W. 737 (Austin Civ.App., 1916, no writ hist.); Willis v. Sanger, 15 Tex.Civ.App. 655, 40 S.W. 229 (1897, refused); Jolly v. Fidelity Union Trust Co., 15 S.W.2d 68 (Fort Worth Civ. App., 1929, refused); First National Bank of Corsicana v. Zarafonetis, 15 S.W.2d 155 (Waco Civ.App., 1929, refused); Poole v. Cage, 214 S.W. 500 (Galveston Civ.App., 1919, refused); and F. Groos & Co. v. Chittim, 100 S.W. 1006 (CCA of Tex., 1907, no writ hist.).

Admittedly the rule laid down in Freiberg is a minority rule in the states. It is recognized generally, however, as being the Texas rule. In 138 A.L.R. 576, sub. b, it is stated: "A few cases support the proposition that the lien of an advance made under a mortgage to secure optional future advances (of which mortgage subsequent persons had record or other sufficient notice) takes priority over an encumbrance intervening between the giving of the mortgage and the making of the advance, even though the mortgagee had actual notice or knowledge of the intervening encumbrance", citing Texas cases. See also McKnight's "Creditors' Rights in Texas", p. 411, by Charles O. Galvin; 39 Tex.Jur.2d 52, § 32.

It may well be, as plaintiff contends, that the Freiberg rule should be reexamined and a rule promulgated in keeping with the weight of authority as followed in other jurisdictions. That function, however, properly rests alone with our Supreme Court. It is not the function of courts of civil appeals to abrogate or modify an established rule of decision in this State.

Stark v. American National Bank of Beaumont, 100 S.W.2d 208 (Beaumont Civ. App., 1936, refused); Grand Prize Distributing Co. v. Gulf Brewing Co., 267 S.W.2d 906 (San Antonio Civ.App., 1954, refused).

The judgment is affirmed.

Affirmed.