## Charles WILKERSON *v.* FIRST NATIONAL BANK OF ODESSA, TEXAS

84-56                                              668 S.W.2d 941

Supreme Court of Arkansas
Opinion delivered May 7, 1984

*Thurman Ragar, Jr.,* for appellant.

*Ramsey, Cox, Lile, Bridgeforth, Gilbert, Harrelson &*
*Starling,* by: *L. Layne Livingston,* for appellee.

JOHN I. PURTLE, Justice. The trial court upheld the registration of a Texas judgment against the appellant in Lincoln County Circuit Court. For reversal appellant argues the registration should be set aside because of improper venue. We hold venue was proper.

The First National Bank of Odessa, Texas, obtained a judgment against the appellant in the 161st District of Ector County, Texas, on November 28, 1981. The bank made application for registration of the foreign judgment in Lincoln County, Arkansas, on March 24, 1983. On March 26, 1983, summons was served on appellant in Lincoln County. On April 21, 1983, the court entered default judgment against appellant. A motion to set aside the judgment was filed on May 19, 1983. Appellant filed an affidavit stating that he was at all relevant times a resident of Jefferson County. Appellee's response was filed June 7, 1983. The court refused to set the judgment aside.

Both parties agree that this cause of action is transitory. The foreign judgment was registered in Lincoln County

where appellant was summoned. Chapter six of title 27 of the Arkansas statutes sets venue. By process of elimination, only section 613 (Repl. 1979) applies to registration of foreign judgments. It states: "Every other action may be brought in any county in which the defendant, or one of several defendants, resides, or is summoned." Venue over registration of foreign judgments actions is not provided for in any other section or rule. Therefore it must be included in "[e]very other action" as used in section 613. Chapter eight of title 29 concerns foreign judgments. Section 804 (Repl. 1979) provides that summons may issue and be served in any manner authorized by the law of this state for obtaining jurisdiction of the person. The summons was issued and served as provided by Ark. Stat. Ann. § 27-613. A transitory action may be brought in any county in which the defendant may be found. *Robinson* v. *Mo. Pac. Transp. Co.*, 218 Ark. 390, 236 S.W.2d 575 (1951).

Affirmed.