This is a mandamus proceeding to change venue.
Petitioner, Marquita Wells, seeks a writ of mandamus to compel the transfer of an action styled Dennis Polen v.Marquita Wells, to DeKalb County, which is Wells's county of residence.
Polen filed a default judgment, which was granted by a California municipal court against Wells, in the Circuit Court of Jefferson County pursuant to §§ 6-9-230 et seq., Ala. Code 1975, the Uniform Enforcement of Foreign Judgments Act (Act). The affidavit accompanying the judgment gave a DeKalb County address for Wells. Wells filed a motion to dismiss, or in the alternative, motion to transfer, which the clerk of the court returned. Subsequently, a certificate of judgment was issued. Wells then filed a motion to set aside the certificate of judgment and transfer to DeKalb County, where she resides. The trial court set aside the certificate of judgment but denied the transfer, expressly finding that venue was proper in Jefferson County pursuant to § 6-9-232, Ala. Code 1975. Wells then filed this petition for writ of mandamus.
The issue Wells presents for our review is whether the general venue statute, §§ 6-3-1 et seq., Ala. Code 1975, applies to the registration of foreign judgments pursuant to the Act.
Wells contends that venue is proper in the county of her residence under the general venue statutes. She argues that to allow the trial court's interpretation would grant a "super status" for venue purposes to the filing of foreign judgments and could cause a resident defendant, who may or may not have been afforded procedural due process in the foreign state, the possible inconvenience and expense of defending an action hundreds of miles from his/her county of residence.
The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is by writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297
(Ala. 1986). Mandamus, which is an extraordinary remedy, will not be issued unless the movant has a clear and indisputable right to a particular result. Ex parte Rudolph, 515 So.2d 704
(Ala. 1987).
Our review by mandamus is limited to only those facts that were before the trial court. Ex parte Ralston, 519 So.2d 488
(Ala.Civ.App. 1987). The only evidence regarding Wells's residency which was before the trial court at the time it ruled on Wells's motion to transfer was undisputed. The initial filing by Polen gave Wells's residence as Rainsville, Alabama, which is in DeKalb County. Wells's motion to transfer showed that Wells is not a resident of Jefferson County, where the action was filed, but is a resident of DeKalb County.
Whether the general venue statute applies to the filing of foreign judgments under the Act is apparently an issue of first impression in Alabama. The petitioner cites no authority from this jurisdiction to support her position, and our research fails to disclose any. In looking to other jurisdictions with similar statutes, we find that they have applied their general venue statute to their foreign judgment act. See HBE LeasingCorp. v. Eckilson, 769 S.W.2d 178 (Mo.App. 1989), Wilkerson v.First National Bank of Odessa, Texas, 282 Ark. 352,668 S.W.2d 941 (1984), and Kohlbusch v. Eberwein, 642 S.W.2d 683
(Mo.App. 1982).
In our review, we find that there is no restrictive language in our uniform act to suggest that the legislature intended that the general venue statute should not apply. Section6-9-232, Ala. Code 1975, upon which the trial court expressly relied, permissively states:
 "A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state *Page 390 
may be filed in the office of the clerk of any circuit court of this state. A clerk of any circuit court shall note the filing in special docket set up for foreign judgments. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner. . . ."
Wells properly raised the issue of venue with her motion to transfer pursuant to Rule 82, Alabama Rules of Civil Procedure, and relying on § 6-3-2(a)(3), Ala. Code 1975. Polen offered nothing at the trial court level and failed to respond to Wells's petition. We have nothing to support a finding that venue is proper in Jefferson County, or any other county that has no connection to the judgment debtor. Wells's argument is consistent with other jurisdictions and is persuasive.
Because venue over foreign judgment actions is not provided for within the act or elsewhere, we find that the general venue statutes apply to filing foreign judgments under the Act.HBE Leasing, supra. Such finding supports the purpose of the Act and assists in providing an effective means of collection on foreign judgments or testing their validity.
WRIT GRANTED.
INGRAM, P.J., and RUSSELL, J., concur.