UNITED BANK OF DENVER, NATIONAL ASSOCIATION, Plaintiff–Appellee,

v.

COLORADO STATE TREASURER, Garnishee–Appellant.

No. 89CA1345.

Colorado Court of Appeals, Div. I.

Aug. 16, 1990.

No appearance for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carol Mullins, Asst. Atty. Gen., Denver, for garnishee-appellant.

Opinion by Judge HUME.

Garnishee, the Colorado State Treasurer, appeals a judgment entered by the trial court awarding plaintiff, United Bank of Denver National Association, attorney fees. We affirm.

Plaintiff served garnishee with a writ of garnishment seeking to collect funds held under the Unclaimed Property Act § 38–13–101, et seq., C.R.S. (1989 Cum. Supp.). Garnishee answered the writ by stating that she was without knowledge and information sufficient to form a belief as to whether she held or possessed any personal property owned by or owed to the judgment debtor. Plaintiff traversed the garnishee's answer, and following a hearing, the trial court ordered garnishee to release, under protective order, garnishee's records regarding property held in the name of the judgment debtor.

After examining the records, plaintiff supplied garnishee with evidence indicating that the judgment debtor was the same party in whose name property was being held under the Act. Garnishee nonetheless declined to comply with the writ and elected, instead, to wait for an order from the court compelling turnover of the funds.

On the morning of the hearing to review plaintiff's evidence, garnishee conceded that the funds in her possession belonged to the judgment debtor. At the hearing, plaintiff sought attorney fees pursuant to C.R.C.P. 103 § 8(b)(5). The trial court awarded plaintiff $300 of the $1,550 requested and documented by affidavit of plaintiff's attorney.

Garnishee contends the trial court erred in awarding plaintiff its attorney fees. Although she does not contest the reasonableness of the fees requested and documented, she argues that no fees were awardable because her answer to the writ of garnishment was not substantially frivolous, groundless, or vexatious and because she in good faith attempted to establish a new theory of law. We conclude that garnishee's asserted defenses are inapposite here, and therefore, we find no error.

A court may award as costs "any attorney fees, when authorized by statute or court rule." Section 13–16–122(1)(h), C.R.S. (1987 Repl.Vol. 6A).

C.R.C.P. 103 § 8(b)(5) provides that at any hearing upon a traverse of an answer to a writ of garnishment, the court shall make such orders as to reasonable attorney fees, costs, and expenses of the parties to such hearing as are just.

Here, plaintiff did not seek attorney fees on grounds that garnishee's answer to the writ was substantially frivolous, groundless, or vexatious. See § 13–17–102(4), C.R.S. (1987 Repl.Vol. 6A). Rather, plaintiff sought an award of fees pursuant to C.R.C.P. 103 § 8(b)(5). See also § 13–16–122(1)(h). Thus, garnishee's arguments asserted under § 13–17–102(4) and § 13–17–102(7), C.R.S. (1987 Repl.Vol. 6A) are not applicable here. See § 13–17–106, C.R.S. (1987 Repl.Vol. 6A) (Section 13–17–101, et seq., apply in all cases unless attorney fees are otherwise specifically provided by statute).

Consequently, while the court may consider, as it did, the extent to which the garnishee's actions were reasonably justifiable, it is not bound to make specific find-

ings required by § 13–17–102(4) or by the limitations imposed by § 13–17–102(7). Those factors merely enter into the discretionary mix authorized by C.R.C.P. 103 § 8(b)(5). We find no abuse of discretion in the court's award here.

Judgment affirmed.

Judge PIERCE and Judge MARQUEZ concur.