**LAW OFFICES OF ANDREW L. QUIAT, a Professional Corporation, Plaintiff–Appellant,**

**v.**

**V.W. ELLITHORPE and Ellithorpe & Son, a Colorado partnership, Defendants–Appellees.**

No. 94CA0487.

Colorado Court of Appeals, Div. I.

July 13, 1995.

Rehearing Denied Nov. 9, 1995.

Certiorari Denied June 3, 1996.

Law Offices of Andrew L. Quiat, P.C., Andrew L. Quiat, Denver, for plaintiff-appellant.

Coghill & Goodspeed, P.C., David J. Richman, Denver, for defendants-appellees.

Opinion by Judge TAUBMAN.

In this garnishment action, plaintiff, Law Offices of Andrew L. Quiat, a professional corporation (Law Offices), appeals the trial court's order denying its motion to intervene, motion to revise judgment, motion to provide relief from judgment, and motion to traverse an answer to a writ of garnishment and its order granting the motion to quash the writ of garnishment of defendants, V.W. Ellithorpe and Ellithorpe & Son, a Colorado partnership. It also appeals the trial court's order awarding the Ellithorpes attorney fees. We affirm.

This appeal arises from two cases filed in the Rio Grande County District Court. In the first case, filed in May 1992, a drilling contractor, alleging breach of contract for failure to pay its drilling costs, sued the Ellithorpes and several other individuals and entities who had invested in an oil and gas well to be drilled by a Kansas oil company. Based upon unique factual circumstances relating to its investment contract with the oil company, the Ellithorpes filed a motion for summary judgment against the drilling company, and, in March 1993, the trial court granted the motion.

Meanwhile, the Ellithorpes had filed cross-claims against the oil company seeking rescission of their investment contract, asserting fraud and misrepresentation and seeking a return of the payments they had made to the oil company. The Ellithorpes pursued their cross-claims against the oil company even after summary judgment was entered against the drilling company.

The oil company repeatedly refused to comply with discovery requests by the Ellithorpes and orders to compel discovery from the trial court. Consequently, on August 18, 1993, upon the Ellithorpes' motion under C.R.C.P. 37(b), the trial court entered judgment against the oil company on all of the Ellithorpes' cross-claims. On November 8, 1993, the trial court clarified its earlier oral order, ruling that the judgment included rescission of the Ellithorpes' investment contract with the oil company.

Also, in August 1993, the trial court resolved all the remaining claims in the primary case. The drilling company did not appeal the summary judgment entered in favor of the Ellithorpes, and thus, it became final. In addition, the oil company did not appeal the judgment in favor of the Ellithorpes, and accordingly, it also became final.

In a second case, filed in 1993, the Law Offices had obtained a judgment against the Kansas oil company for unpaid legal fees. Then, in October 1993, the Law Offices served a writ of garnishment on the Ellithorpes inquiring whether the Ellithorpes possessed or controlled any property of the oil company or owed any debts to it. The Ellithorpes answered in the negative and, additionally, stated that even if they had owed any money to the oil company, they were entitled to a setoff based on the judgment entered in their favor in the first case on August 18, 1993.

Subsequently, the Law Offices filed a motion to intervene in the first case. They also filed motions to vacate or modify the judgment rescinding the investment contract entered against the oil company on the Ellithorpes' cross-claims. Then, the Law Offices filed a motion to consolidate the two cases. It also filed a traverse to the Ellithorpes' garnishment answer. The Ellithorpes filed responses to all of those motions as well as a motion to quash the writ of garnishment served on them in the second case.

On January 25, 1994, following a hearing, the court orally denied all of the Law Offices' motions and granted the Ellithorpes' motion to quash the writ of garnishment. Then, at the Law Offices' request, the court orally certified this order as final under C.R.C.P. 54(b) and requested that the Ellithorpes draft a written order. On February 10, 1994, the court signed a written order dated *nunc pro tunc* to January 25, 1994. Thereafter, the Law Offices filed its notice of appeal on March 28, 1994, more than 45 days after January 25, 1994, but within 45 days following February 10, 1994. Also, on April 20, 1994, the court awarded the Ellithorpes attorney fees and expenses after expressly finding that the Law Offices' motions were without a reasonable basis.

I. Jurisdiction—Timeliness
of Notice of Appeal

As a threshold matter, the Ellithorpes contend that this court lacks jurisdiction because the Law Offices did not timely file its notice of appeal. They assert that, because the Law Offices' notice of appeal was submitted more than 45 days after the trial court's final order signed on February 10, 1994, *nunc pro tunc* to January 25, 1994, it was untimely and, therefore, that this appeal must be dismissed. We do not agree.

Although a *nunc pro tunc* order operates retrospectively and generally is fully operative on the litigant's rights as of the prescribed effective date, it cannot be used to reduce the time or defeat the right to take an appeal. *Joslin Dry Goods Co. v. Villa Italia, Ltd.,* 35 Colo.App. 252, 539 P.2d 137 (1975).

Since the trial court's January 25, 1994, order was not reduced to writing and mailed to the parties at that time, the 45–day limit to file a notice of appeal did not begin to run until the final judgment was signed and mailed to the parties on February 10, 1994. Thus, the notice of appeal was timely.

II. Timeliness of Intervention

The Law Offices next contends that the trial court abused its discretion in denying its motion to intervene on the basis that it was untimely. Again, we disagree.

C.R.C.P. 24 requires that an applicant seek "timely intervention" whether the intervention be as of right under C.R.C.P. 24(a), or permissive under C.R.C.P. 24(b). And, when intervention is sought, the issue of timeliness is a threshold question. *Diamond Lumber, Inc. v. H.C.M.C., Ltd.,* 746 P.2d 76 (Colo.App.1987).

The determination of the timeliness of a motion to intervene is a matter which rests within the sound discretion of the trial court, which must weigh the lapse of time in light of all the circumstances of the case, including whether the applicant was in a position to seek intervention at an earlier stage in the case. *In re Marriage of Guinn,* 522 P.2d 755 (Colo.App.1974) (not selected for official publication); C.R.C.P. 24(a).

Here, after several unsuccessful attempts by the Ellithorpes to obtain discovery from the Kansas oil company in regard to its cross-claims and orders from the trial court to compel discovery, the court granted the Ellithorpes' motion for judgment against the

oil company on all the cross-claims as a sanction under C.R.C.P. 37(b). The oil company did not oppose the motion and the trial court entered the order on August 18, 1993. Further, the oil company did not appeal from the order, and thus, that judgment became final.

The record further reveals that the Law Offices had been aware of the drilling company's claim against the Ellithorpes as early as April 1992 and knew that the Ellithorpes were alleging security fraud violations against the oil company in 1990. However, the Law Offices did not serve its writ of garnishment on the Ellithorpes until October 14, 1993, and did not file its motion to intervene until October 22, 1993, more than sixty days after the trial court had orally granted the Ellithorpes' C.R.C.P. 37(b) motion.

In exercising its discretion, the trial court stated that "judgment had already been entered and some finality to proceedings is necessary to protect litigants." Accordingly, it denied the Law Offices' motion to intervene as untimely filed. Even if we were to accept the Law Offices' contention that final judgment had not yet been entered, we perceive no abuse of discretion and, therefore, may not disturb the trial court's ruling on appeal.

### III. The Motions to Vacate and to Modify the Judgment

The Law Offices also urges us to find reversible error based upon the trial court's denial of its motions to vacate or to modify the judgment entered against the oil company on the Ellithorpes' cross-claims. We decline to do so.

■ C.R.C.P. 60(b) provides that a "court may relieve *a party or his legal representative* from a final judgment, order, or proceeding" for several enumerated reasons. (emphasis added) This rule allows only a party or one who is in privity with a party to move under the rule, and thus, others lack standing to make such a motion. 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2865 (1973). The controlling principle has been clearly stated:

A legal representative under the rule is one who by operation of law is tantamount to a party in relationship to the matter involved in the principal action.... If the threshold bar were not restricted, Rule 60(b) could be opened to the broadest claims of ancillary jurisdiction and thereby thwart the finality of principal judgments and established procedures to correct fundamental errors.

*Western Steel Erection Co. v. United States,* 424 F.2d 737, 739 (10th Cir.1970).

■ Thus, having denied the Law Offices' motion to intervene, the trial court properly denied its motion to modify or vacate the judgment entered against the oil company on the Ellithorpes' cross-claims. Since the Law Offices was not a party to the principal action, it could not seek to modify or to set aside an order in that case.

■ In addition, we reject the Law Offices' contention that, as a garnishor, it "stepped into the shoes" of the oil company and, thus, had a right to defend and litigate the oil company's claims on its behalf. Although the oil company had refused to respond to the Ellithorpes' request for discovery, it had filed pleadings and motions in the principal action and had been adequately represented. There had been no assignment or other right given to the Law Offices by the oil company. Finally, we are not aware of any authority that would allow the Law Offices to represent the oil company's interests without an assignment or being a party to the action. Accordingly, we perceive no error.

### IV. Quashing the Writ of Garnishment

The Law Offices next contends that the trial court erred in quashing its writ of garnishment served on the Ellithorpes. We are not persuaded.

■ A judgment creditor, by garnishment, secures only the judgment debtor's interest in the judgment against the garnishee. *Collins v. Thuringer,* 92 Colo. 433, 21 P.2d 709 (1933); *Martinez v. Villa Construction Corp.,* 38 Colo.App. 302, 563 P.2d 954 (1976). Thus, a garnishor cannot acquire more rights in a judgment than the judgment creditor had. *Salle v. Howe,* 793 P.2d 628 (Colo.App.1990).

Here, once the trial court granted its C.R.C.P. 37(b) motion, the Ellithorpes no longer had any liability to the oil company. Further, since the oil company had no right to receive money or other receivable from the Ellithorpes, the Law Offices could not acquire anything from the Ellithorpes on behalf of the oil company and could not acquire more rights against the Ellithorpes by serving a writ of garnishment on them. Therefore, the trial court properly quashed the Law Offices' writ of garnishment served upon the Ellithorpes.

## V. Attorney Fees

Finally, the Law Offices contends that the trial court erred in awarding the Ellithorpes their attorney fees under C.R.C.P. 103 § 8(b)(5) and § 13–16–123, C.R.S. (1987 Repl. Vol. 6A). We reject this contention.

Section 13–16–123, C.R.S. (1987 Repl. Vol. 6A) allows a court to award costs and attorney fees as it deems just in any action in which a garnishee incurs attorney fees in excess of the cost of preparing and filing its answer and the court finds that the bringing, maintaining, or defense of the action against the garnishee was frivolous, groundless, or without reasonable basis. Further, 103 § 8(b)(5) provides that, at any hearing upon a traverse of an answer to a writ of garnishment, the court shall make such orders as to reasonable attorney fees, costs, and expenses of the parties to such hearing as are just.

Here, the trial court found that, by filing "a multitude of motions and briefs, and discovery requests," the Law Offices caused the Ellithorpes to incur legal fees and expenses beyond those required to answer the garnishment. Further, in respect to the statute, the court found that the efforts made by the Law Offices after the Ellithorpes had filed their answer to the writ of garnishment "were without reasonable basis within the meaning of ... § 13–16–123, and therefore, the Ellithorpes are entitled to the reasonable attorneys' fees plus the costs incurred by them in excess of the cost of preparing and filing their answer."

Similarly, the court found:

[P]ursuant to [C.R.C.P. 103], that justice requires [the Law Offices] pay to the Ellithorpes the reasonable attorneys' fees and costs incurred by them in responding to the variety of motions filed by [the Law Offices] in these proceedings and in responding to the traverse filed by [the Law Offices] after the Ellithorpes filed their answer to the writ of garnishment served upon them. It was evident to the Court [the Law Offices] was on some type of fishing expedition and that in the process [it] put the Ellithorpes to substantial expense.

Contrary to the Law Offices' contention, attorney fees may be awarded under either C.R.C.P. § 103 § 8(b)(5) or § 13–16–123 without a finding that its actions were frivolous or groundless. *Cf.* § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A). Under both the statute and the rule, the court's power to award costs and attorney fees is discretionary, and we find no abuse of discretion in its award here.

We decline the Ellithorpes' request that we award costs and attorney fees under C.A.R. 38(d) for the filing of a frivolous appeal. *See Wood Bros. Homes Inc. v. Howard,* 862 P.2d 925 (Colo.1993).

The orders are affirmed.

METZGER and PLANK, JJ., concur.