2015 COA 49

**L & R EXPLORATION VENTURE; Loeb Partners Corporation, as agent for the participants in L & R Exploration Venture; Judith L. Chiara; Peter Dixon, as Executor of the Estate of W. Palmer Dixon; Margaret L. Kempner; Thomas L. Kempner; Jerome A. Manning, as Trustee of the Carl M. Loeb Trust f/b/o Ann L. Bronfman; John A. Levin, as Trustee of the Carl M. Loeb Trust f/b/o Ann L. Bronfman; Jerome A. Manning, as Trustee of the Carl M. Loeb Trust f/b/o Deborah L. Brice; John A. Levin, as Trustee of the Carl M. Loeb Trust f/b/o Judith L. Chiara; Jerome A. Manning, as Trustee of the Carl M. Loeb Trust f/b/o Judith L. Chiara; John A. Levin, as Trustee of the Carl M. Loeb Trust f/b/o Deborah L. Brice; Jerome A. Manning, as Trustee under the will of Frances L. Loeb f/b/o John L. Loeb, Jr., Estate of Henry A. Loeb; John A. Levin, as Trustee under the will of Frances L. Loeb f/b/o John L. Loeb, Jr., Estate of Henry A. Loeb; John L. Loeb, Jr., as**

Trustee of the Virginia Bloomgarden Trust; TROF, Inc., f/k/a Marshall Petroleum; Larry C. Serr, as Trustee of the Robineau Trusts; John S. Rodgers; Columbia University Trust Administration, as Executor of the Estate of Daniel Silberberg; John S. Rodgers, as Trustee of the Audrey Holly Trust; Mal L. Barasch, as Trustee of the Audrey Holly Trust; John S. Rodgers, as Trustee of the Virginia Bloomgarden Trust; John L. Loeb, Jr., as Trustee of the Virginia Bloomgarden Trust; M. Wellman, as Trustee of the Mark J. Millard Trust; Frederick Lubcher, as Trustee of the Diana von Mueffling Trust and the William von Mueffling Trust; and Ann B. Lesk, as Trustee of the Diana von Mueffling Trust and the William von Mueffling Trust, Plaintiffs–Appellees,

v.

CCG, LLC; Gadeco, LLC; Pricaspian Development Corporation; and Celeste C. Grynberg, Intervenors–Appellants.

Court of Appeals No. 14CA0403

Colorado Court of Appeals,
Div. VI.

Announced April 23, 2015

See also 271 P.3d 530.

Holland & Hart LLP, Jonathan S. Bender, Christina F. Gomez, Denver, Colorado; Simon Lesser PC, Leonard F. Lesser, New York, New York, for Plaintiffs–Appellees.

Appel, Lucas & Christensen, P.C., Garry R. Appel, Denver, Colorado, for Intervenors–Appellants.

Opinion by JUDGE J. JONES

¶ 1 This is the second appeal related to a garnishment proceeding. In the first appeal, Intervenors [1] challenged the district court's order allowing garnishment of their bank accounts to satisfy an underlying judgment in favor of plaintiffs, L & R Exploration Venture (L & R) and its participants (collectively, the L & R plaintiffs). A division of

this court affirmed that order, concluding, as now relevant, that (1) the district court did not err in determining that Intervenor CCG is the alter ego of the judgment debtor, Jack J. Grynberg; (2) the district court did not err in concluding that Mr. Grynberg and his alter egos had made voidable fraudulent transfers to Intervenors Gadeco, Pricaspian, and Mrs. Grynberg; and (3) the district court did not err in allowing the L & R plaintiffs to garnish the bank accounts of those Intervenors. *L & R Exploration Venture v. CCG, LLC,* (Colo. App. No. 13CA0563, 2014 WL 323754, Jan. 30, 2014) (not published pursuant to C.A.R. 35(f)).

¶ 2 In this appeal, Intervenors CCG, Gadeco, Pricaspian, and Mrs. Grynberg challenge the district court's order awarding the L & R plaintiffs attorney fees and costs under C.R.C.P. 103 § 8(b)(5). That provision states that "[a]t any hearing upon a traverse, the court shall make such orders as to reasonable attorney fees, costs and expense of the parties to such hearing as are just." We agree with Intervenors that the district court erred in awarding attorney fees and costs not incurred to prepare and file the traverses of the Intervenors' challenges to the garnishments or to subsequently prosecute the traverse proceeding. We hold that an award of attorney fees and costs under C.R.C.P. 103 § 8(b)(5) is limited to, if a traverse is successful, the attorney fees and costs incurred by the garnishor to prepare, file, and prosecute the traverse, or, if the traverse is unsuccessful, the attorney fees and costs incurred by the putative garnishee to defend against the traverse. We therefore vacate the order as to the amount of the attorney fees and costs to be awarded and remand for further proceedings on that issue. We reject Intervenors' other contentions, however, and therefore affirm the order in all other respects.

## I. Background

¶ 3 This case has a long and tortured history, but only the following is relevant for

1. The Intervenors bringing the appeal are CCG, LLC (CCG), Gadeco, LLC (Gadeco), Pricaspian Development Corporation (Pricaspian), and Celeste C. Grynberg (who is the wife of the judgment debtor, Jack J. Grynberg).

present purposes.[2] Mr. Grynberg and the individual plaintiffs began their business relationships as participants in L & R, a joint venture, in 1960. Decades later, they had a falling out. After much procedural wrangling, the L & R plaintiffs obtained an award against Mr. Grynberg in arbitration. A New York state court subsequently confirmed that award, and ordered Mr. Grynberg to pay the unpaid portion of the award, $1,691,111.11, plus postjudgment interest. (The original award totaled $3,067,783.)

¶ 4 In June 2009, the L & R plaintiffs domesticated the judgment against Mr. Grynberg in Colorado pursuant to the Uniform Enforcement of Foreign Judgments Act, sections 13–53–101 to –108, C.R.S. 2014. Mr. Grynberg contested the domestication of the judgment, but a district court rejected his arguments and a division of this court affirmed. *L & R Exploration Venture v. Grynberg,* 271 P.3d 530, 537 (Colo. App. 2011).

¶ 5 While the domestication appeal was pending in this court, the L & R plaintiffs began efforts to collect the unpaid portion of the judgment against Mr. Grynberg. They served a writ of garnishment on a bank with an account in the name of Grynberg Petroleum Company (GPC), but the account yielded only $3371.64.[3] So, they conducted discovery to locate Mr. Grynberg's assets. Intervenors unsuccessfully sought to intervene to contest the L & R plaintiffs' discovery efforts.

¶ 6 Based on the fruits of their discovery efforts, the L & R plaintiffs served writs of garnishment on five financial institutions and Mr. Grynberg. Four garnishee banks answered that they held no funds belonging to Mr. Grynberg, and the fifth garnishee bank answered that the money it held for Mr. Grynberg was pledged as collateral. The L & R plaintiffs traversed the answers, alleging that Mr. Grynberg and his alter egos had made fraudulent transfers to Intervenors (the named owners of the bank accounts) to avoid paying the judgment.

¶ 7 Intervenors moved to intervene to claim ownership of the contested funds. The district court granted that motion and subsequently conducted a four-day evidentiary hearing on the traverses. *See* C.R.C.P. 103 § 8(b)(2). Following the hearing, the court entered the order which Intervenors challenged in the prior garnishment appeal.

¶ 8 The L & R plaintiffs then filed a motion for an award of attorney fees and costs under C.R.C.P. 103 § 8(b)(5), seeking, as relevant here, more than $1,000,000 in attorney fees and $175,000 in costs. Those attorney fees and costs included, in addition to those incurred in connection with the traverses, substantial fees and costs incurred in domesticating the judgment, defending the appeal of the domestication judgment, litigating a related Wyoming case,[4] investigating Mr. Grynberg's assets, and garnishing the various bank accounts. Intervenors objected on several bases, including that the L & R plaintiffs sought recovery of attorney fees and costs that had not been incurred in connection with the traverses, had not provided information sufficient for the court to determine the reasonableness of the requested fees and costs, and were seeking recovery of some fees and costs that were clearly unreasonable. Intervenors requested a hearing on the motion. *See* C.R.C.P. 121 § 1–22(2)(c).

¶ 9 The court granted Intervenors' request for a hearing, limited to the reasonableness of the time spent on various tasks and the fees and costs charged for those tasks; the court disallowed any evidence "concerning the subject matter for which fees and costs are requested, as such was sufficiently covered in the briefs." The court also ordered Intervenors to file a "chart listing separately each and every particular activity or event

---

**2.** The history of the underlying case is more fully recounted in *L & R Exploration Venture v. Grynberg,* 271 P.3d 530 (Colo. App. 2011).

**3.** A New York state court had previously determined that GPC is Mr. Grynberg's alter ego.

**4.** *See Grynberg v. L & R Exploration Venture,* 261 P.3d 731 (Wyo. 2011). In their reply in support of their motion the L & R plaintiffs withdrew any request for fees incurred in the Wyoming case. But it is not clear from the district court's order whether it took that into account and denied those fees.

for which they contend either or both the amount of the fee charged or the time spent was not reasonable; an explanation as to why such is their position; and legal citations and references to attached documents which they[,] or any expert they retain, contend support their position." Only those matters identified on the chart would be considered at the hearing.

¶ 10 Intervenors submitted a chart, the L & R plaintiffs submitted a responsive chart, and Intervenors submitted a reply chart. The parties then stipulated that the court could decide the issues based on the briefs, charts, and stipulated exhibits (including expert reports and deposition transcripts).

¶ 11 The district court subsequently issued a detailed written order awarding the L & R plaintiffs $824,092.80 in attorney fees and costs. In so ordering, the court disallowed approximately $420,000 in requested attorney fees. Of that amount, approximately $185,000 was billed by the L & R plaintiffs' New York attorney, who had assisted in the cases. The court disallowed $200,000 of fees billed by plaintiffs' Colorado attorneys. The remainder of the disallowed fees were for duplication of work and work billed at unnecessarily high rates. The court disallowed $71,000 in requested costs, primarily because the L & R plaintiffs had not shown that they were necessary or reasonable.

¶ 12 Intervenors filed a motion for reconsideration of the order awarding attorney fees and costs, which the district court summarily denied.

## II. Discussion

¶ 13 On appeal, Intervenors contend that the district court erred by: (1) awarding attorney fees and costs not awardable under C.R.C.P. 103 § 8(b)(5); (2) shifting the burden of proof to them to show that the fees and costs sought by the L & R plaintiffs were unreasonable; and (3) awarding the fees and costs jointly and severally against them. We agree with Intervenors' first contention, but reject the other two.

### A. Scope of C.R.C.P. 103 § 8(b)(5)

#### 1. C.R.C.P. 103 § 8 and Its Context

¶ 14 C.R.C.P. 103 addresses garnishment to satisfy a judgment. It is a lengthy rule, divided into thirteen sections. The first five sections address different kinds of writs of garnishment; specifically, what may be garnished and how garnishment may be attempted in different contexts. The next seven sections address the procedure that applies following issuance of a writ of garnishment. The last section governs garnishment of a public body.

¶ 15 As most relevant here, section 8 governs the procedure that applies when a garnishee, judgment debtor, or intervenor claiming an interest in the personal property sought to be garnished has answered a writ of garnishment challenging the garnishment. It allows a judgment creditor to file and serve a "traverse" to any such answer, thereby contesting the challenge to the garnishment. The court then resolves the dispute (following a hearing, if requested), makes findings and, if appropriate, enters a judgment. C.R.C.P. 103 § 8(b)(2), (3). Subsection (b)(5) of C.R.C.P. 103 § 8, the last subsection of section 8, provides that "[a]t any hearing upon a traverse, the court shall make such orders as to reasonable attorney fees, costs and expense of the parties to such hearing as are just."

#### 2. Standard of Review and Applicable Law

¶ 16 Ordinarily, we review a district court's order awarding attorney fees and costs under C.R.C.P. 103 § 8(b)(5) for an abuse of discretion. *See Law Offices of Andrew L. Quiat, P.C. v. Ellithorpe*, 917 P.2d 300, 305 (Colo. App. 1995); *United Bank of Denver, Nat'l Ass'n v. Colo. State Treasurer*, 797 P.2d 851, 853 (Colo. App. 1990). But the issue raised by Intervenors requires us to construe the meaning of the rule. That is an issue that we review de novo. *DCP Midstream, LP v. Anadarko Petroleum Corp.*, 2013 CO 36, ¶ 24, 303 P.3d 1187; *Maslak v. Town of Vail*, 2015 COA 2, ¶ 10, 345 P.3d 972.[5]

**5.** A court necessarily abuses its discretion if it misconstrues or misapplies the law. *Stulp v.*

*Schuman*, 2012 COA 144, ¶ 10, —— P.3d ——;'

¶ 17 In construing a rule of procedure, we apply the same principles as those which apply when we construe a statute. *Willhite v. Rodriguez–Cera*, 2012 CO 29, ¶ 9, 274 P.3d 1233; *Leaffer v. Zarlengo*, 44 P.3d 1072, 1078 n.6 (Colo. 2002). We first look to the language of the rule as a whole, consider the context of the rule, and attribute to the words and phrases used in the rule their plain and ordinary meanings. *See Willhite*, ¶ 9; *Hiner v. Johnson*, 2012 COA 164, ¶ 13, 310 P.3d 226; *see also Jefferson Cnty. Bd. of Equalization v. Gerganoff*, 241 P.3d 932, 935 (Colo. 2010). If doing this demonstrates that the meaning of the rule is clear, we apply it as written. *Watson v. Fenney*, 800 P.2d 1373, 1375 (Colo. App. 1990). But if doing this demonstrates that the rule is ambiguous, we apply additional rules of statutory interpretation to resolve the ambiguity. *People in Interest of R.D.*, 259 P.3d 562, 565 (Colo. App. 2011); *see also Gerganoff*, 241 P.3d at 935.

### 3. Analysis

¶ 18 The question presented is whether C.R.C.P. 103 § 8(b)(5) allows a court to award attorney fees and costs other than those incurred to prepare and file a traverse and prosecute the traverse proceeding. The plain language of the rule does not unambiguously answer that question. Rather, it ambiguously provides that a court may award attorney fees, costs, and expenses "as are just." Nothing in C.R.C.P. 103 § 8, or in the remainder of C.R.C.P. 103 for that matter, explains what attorney fees, costs, and expenses may be considered "just."

¶ 19 We therefore look beyond the Rule's language. We conclude that an award of attorney fees, costs, and expenses under C.R.C.P. 103 § 8(b)(5) is limited to those fees, costs, and expenses incurred to prepare and file the traverse and prosecute the traverse proceeding. We reach this conclusion for two reasons.

¶ 20 First, subsection (b)(5) is in derogation of the common law. Colorado follows the common law "American Rule" regarding attorney fees: as a general rule, in the absence of a statute, court rule, or private contract expressly saying to the contrary, each party in a lawsuit bears its own legal expenses. *See Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 818 (Colo. 2002); *Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285, 1287 (Colo. 1996). Because C.R.C.P. 103 § 8(b)(5) is in derogation of the common law American Rule, we must construe it narrowly. *See Crandall v. City & Cnty. of Denver*, 238 P.3d 659, 662 (Colo. 2010) ("We narrowly construe limitations of the American Rule ...."); *see also Henisse v. First Transit, Inc.*, 247 P.3d 577, 579 (Colo. 2011) (a statute in derogation of the common law must be construed "strictly"); *BSLNI, Inc. v. Russ T. Diamonds, Inc.*, 2012 COA 214, ¶ 8, 293 P.3d 598 (applying strict construction to attorney fee-shifting statutes); *Hiner*, ¶ 16 ("Because C.R.C.P. 102 [relating to attachments] is in derogation of the common law ... we must construe it strictly." (internal quotation marks and citation omitted)). C.R.C.P. 103 § 8(b)(5) does not clearly or expressly allow for recovery of pre-traverse attorney fees, and therefore it would be inappropriate to read it broadly to allow for recovery of such fees.

¶ 21 Second, we consider the context and placement of the subsection. *See Ryals v. St. Mary–Corwin Reg'l Med. Ctr.*, 10 P.3d 654, 659–60, 662 (Colo. 2000) (considering the structure of the statutory scheme); *Douglas Cnty. Bd. of Comm'rs v. Pub. Utils. Comm'n*, 829 P.2d 1303, 1312–13 (Colo. 1992) (considering placement of a statutory provision). As noted, it is in the section of C.R.C.P. 103—section 8 (entitled "TRAVERSE OF ANSWER")[6]—dealing specifically with procedures applicable to a traverse to a garnishee's answer or an intervenor's challenge to a writ of garnishment. The other subsections of section 8 deal only with procedures for filing, serving, and resolving a traverse.

---

*Payan v. Nash Finch Co.*, 2012 COA 135, ¶ 16, 310 P.3d 212.

**6.** Because the title of section 8 was adopted as part of the Rule, it is also relevant to determining the scope of subsection (b)(5). *See U.M. v. Dist. Court*, 631 P.2d 165, 167 (Colo. 1981); *Allely v. City of Evans*, 124 P.3d 911, 913 (Colo. App. 2005).

This indicates that subsection (b)(5) is intended to provide for an award relating to those matters.

¶ 22 The placement of the provision carries even more significance when we consider the history of C.R.C.P. 103 and a related statute, section 13–16–123, C.R.S. 2014. *See Bynum v. Kautzky*, 784 P.2d 735, 737 (Colo. 1989) (history of a statute may be useful in determining legislative intent); *Carruthers v. Carrier Access Corp.*, 251 P.3d 1199, 1205 (Colo. App. 2010) (same). Prior to 1983, there was no provision in law which allowed for an award of attorney fees in a garnishment proceeding, though a number of provisions addressed costs. As relevant here, former C.R.C.P. 103(n), C.R.S. 1973, entitled "Trial of Traverse Issue; Judgment," provided that if the court found in favor of the garnishee "he shall recover costs of the proceeding against the [judgment creditor]," but if the court found in favor of the judgment creditor, the judgment creditor "may recover costs against the garnishee." Similarly, former C.R.C.P. 103(y), C.R.S. 1973, provided that "[t]he court may order the costs of the proceedings in any garnishment to be paid by the plaintiff ... or by the garnishee, or may apportion the same as shall appear to be just and equitable." [7]

¶ 23 In *Commercial Claims, Ltd. v. First Nat'l Bank of Glenwood Springs*, 649 P.2d 736 (Colo. App. 1982), a division of this court held that C.R.C.P. 103(y) (which the Colorado Supreme Court had repealed in 1981) did not allow an award of attorney fees to a garnishee. The division also held that section 13–17–101, C.R.S. 1973, which allowed for an award of attorney fees where a claim or defense was frivolous, did not allow such an award in a garnishment proceeding because such a proceeding is not a "suit involving money damages" within the meaning of the statute.

¶ 24 In apparent response to the decision in *Commercial Claims*, in 1983 the General Assembly enacted section 13–16–123. *See* Ch. 161, sec. 1, § 13–16–123, 1983 Colo. Sess. Laws 616. It states:

In any action before the court in which a garnishee incurs attorney fees in excess of the cost of preparing and filing his answer, the court may order that the costs of the proceeding, mileage fees as a witness, and reasonable attorney fees be paid to the garnishee when the court finds that the bringing, maintaining, or defense of the action involving the garnishee was frivolous, groundless, or without reasonable basis. The award of costs and fees may be allocated among the parties as the court deems just.

¶ 25 In 1985, the Colorado Supreme Court repealed C.R.C.P. 103 and readopted it in its current thirteen-section form, with substantial changes. *See* C.R.C.P. 103, C.R.S. 1985. The court thereby added two attorney fees provisions. The first is in section 7 at subsection (b)(4), which provides that when a garnishee fails to answer a writ, and a hearing is subsequently held to determine the garnishee's liability, the court "shall make such orders as to reasonable attorney's fees, costs and expense of the parties to such hearing, as are just." The second is C.R.C.P. 103 § 8(b)(5). No other provision of C.R.C.P. 103 allows for an award of attorney fees, or even of costs. So if a garnishee answers a writ admitting that the garnishee holds funds or personal property belonging to the judgment debtor (and, in certain cases, tenders funds to the clerk of the court), or if a judgment debtor objects to a calculation of exempt earnings or claims an exemption from garnishment, *see* C.R.C.P. 103 § 6, attorney fees and costs are not awardable to any party under C.R.C.P. 103.

¶ 26 In light of all this, it seems relatively clear that, at least in situations not covered by section 13–16–123, the Colorado Supreme Court sought to confine awards of attorney fees and costs to those incurred in only two types of proceedings—those addressed in sections 7 and 8. Contrary to the L & R plaintiffs' suggestion, nothing in the rule indicates an intent by the Colorado Supreme Court to make attorney fees and costs otherwise not awardable (though incurred in garnishment proceedings) awardable upon a fail-

---

7. *See also* C.R.C.P. 103(*l*), C.R.S. 1973 (providing for an award of "costs" to a judgment creditor

upon a garnishee's failure to answer the writ and a finding of liability).

ure to answer or a traverse. We perceive no rational reason why a failure to answer or a traverse should, to use the L & R plaintiffs' term, "trigger" an award of attorney fees and costs which, though incurred (indeed, routinely incurred) in a garnishment proceeding, would not otherwise be awardable.

¶ 27 We recognize that a judgment creditor must incur attorney fees and costs before a traverse becomes necessary, and that the efforts reflected by those fees and costs might be necessary to prevail in a hearing on any subsequent traverse. But absent a traverse, the judgment creditor could not, as the L & R plaintiffs concede, recover those fees and costs. Again, we perceive no reason why they would become recoverable merely upon the filing of a traverse. It seems more reasonable, and therefore more likely what the Colorado Supreme Court intended, that an award of fees and costs attributable to the traverse—that is, fees and costs beyond those incurred in other garnishment proceedings—be allowed so as to compensate a party when battle is joined over the garnishment. And we observe that if, as the L & R plaintiffs argue, the mere fact that a traverse could not occur unless fees and costs were first incurred to attempt garnishment were sufficient to allow an award of such fees and costs, the same could be said of fees and costs incurred to obtain the underlying judgment. After all, absent the judgment there would be no garnishment and no traverse. We believe it extremely unlikely that the supreme court intended such a far-reaching result.

¶ 28 We are not persuaded that cases cited by the L & R plaintiffs compel the conclusion that the entirety of the fees and costs the district court awarded are allowable under C.R.C.P. 103 § 8(b)(5). None of those cases addressed the limits of an award under that subsection. *See Idaho Pac. Lumber Co. v. Celestial Land Co.*, 2013 COA 136, 348 P.3d 950; *Hoang v. Monterra Homes (Powderhorn) LLC*, 129 P.3d 1028 (Colo. App. 2005), *rev'd*, 149 P.3d 798 (Colo. 2007); *Law Offices of Andrew L. Quiat*, 917 P.2d 300; *United Guar. Residential Ins. Co. v. Dimmick*, 916 P.2d 638 (Colo. App. 1996); *United Bank of Denver*, 797 P.2d 851.

¶ 29 In sum, we conclude that C.R.C.P. 103 § 8(b)(5) only authorizes an award of attorney fees and costs incurred by a judgment creditor to prepare and file a traverse and litigate the traverse proceeding. The district court awarded substantial attorney fees and costs incurred on pre-traverse matters, and therefore we vacate the district court's order to the extent it awards such fees and costs. On remand, the court shall determine the reasonable amount of fees and costs the L & R plaintiffs incurred to prepare and file the traverses and to litigate the traverse proceeding. To be clear, such fees and costs may not include fees and costs incurred to domesticate the underlying judgment, defend the appeal of the domestication judgment, litigate the Wyoming case, determine the sources of any funds allegedly belonging to Mr. Grynberg, or prepare, file, and serve the writs of garnishment. We leave to the district court's discretion the procedure to be followed on remand.

## B. Burden of Proof

¶ 30 Intervenors also contend that the district court improperly placed the burden of proof on them to prove that the attorney fees and costs sought by the L & R plaintiffs were unreasonable. This contention is belied by the record.

¶ 31 As Intervenors concede, the district court articulated the correct burden of proof, stating in its order that the burden of proof was on the L & R plaintiffs to establish by a preponderance of the evidence that their fees and costs were reasonable. Intervenors argue, however, that the court did not actually apply that burden because it required them to identify specific objections to the amount of fees requested though, in many instances, they did not have sufficient information to do so. We are not persuaded.

¶ 32 Not only did the court articulate correctly the burden of proof, it also concluded that "for the most part," the L & R plaintiffs "did present evidence that a good portion of the fees and costs were reasonable and necessary." And the court concluded that the L & R plaintiffs had "not sufficiently demonstrated the need for all of the fees requested," ultimately disallowing several hundred

thousand dollars in requested fees and costs. Thus, the district court clearly held the L & R plaintiffs to their burden of proof.[8]

¶ 33 Nonetheless, Intervenors complain that the use of "block billing" by the L & R plaintiffs' attorneys left them unable to meaningfully contest many of the billing entries. Though the block billing entries often do not say precisely how much time was devoted to each specific task identified, we are not convinced that this necessarily precluded Intervenors from challenging the reasonableness of the time claimed. Indeed, they noted numerous objections to tasks included in the block billing entries. And many of the block billing entries consisted essentially of specific descriptions of work related to a more general matter, as to which Intervenors (and the court) could assess the reasonableness of the total time spent. We therefore conclude that the district court did not improperly shift the burden of proof.

### C. Joint and Several Liability

¶ 34 Lastly, Intervenors contend that the district court unjustly ordered that they are jointly and severally liable for the attorney fees and costs award. We reject this contention.

¶ 35 As noted, under C.R.C.P. 103 § 8(b)(5), a court "shall make such orders as to reasonable attorney fees, costs and expense of the parties . . . as are just." What is just under the circumstances is necessarily a matter within the district court's discretion. *See Law Offices of Andrew L. Quiat*, 917 P.2d at 305; *United Bank of Denver*, 797 P.2d at 853.

¶ 36 The court had previously found that Intervenors GPC and CCG were Mr. Grynberg's alter egos, and that Mr. Grynberg and his alter egos had made fraudulent transfers to all of the other Intervenors. Given Intervenors' participation in Mr. Grynberg's efforts to hide his assets, and the fact that each Intervenor actively participated in the traverse proceeding in attempts to shield the

funds they held from garnishment, we conclude that the district court did not abuse its discretion in determining that imposing joint and several liability was "just."

### III. Conclusion

¶ 37 We vacate that portion of the district court's order awarding attorney fees and costs for pre-traverse activities (as explained above), and remand for a redetermination of the correct amount of the award. We affirm the order in all other respects.

JUDGE FOX and JUDGE PLANK * concur.

---

8. The L & R plaintiffs amply documented much of their fees request and provided an opinion of an expert attesting to the necessity and reasonableness of the fees they requested.

